## PEOPLE v. PETERSON.

An indictment against a bailee for converting to his own use certain coin and gold-dust, the property of another, must state the character of the bailment and the description of the coin.

APPEAL from the Court of Sessions of the County of San Francisco.

Charles M. Peterson was indicted by the grand jury of the County of San Francisco, for converting to his own use certain coin and gold-dust, the property of John A. Clary.

The material averment of the indictment is as follows:

"That Charles M. Peterson, of the city, county, and State, aforesaid, on the twentieth day of June, A. D. one thousand eight hundred and fifty-seven, at the said city and county, being then and there the bailee of forty pieces of gold coin usually called twenty-dollar pieces, of the value of eight hundred dollars, and of fifteen ounces and four-fifths of an ounce of gold dust, of the value of two hundred and seventy dollars, the money, goods, and chattels, of John A. Clary, of whom he, the said Charles M. Peterson was then and there the bailee, did then and there as such bailee, as aforesaid, feloniously convert the said forty twenty-dollar gold-pieces, of the value of eight hundred dollars, as aforesaid, and the said gold dust, of the value of two hundred and seventy dollars, to his own use, with the intent, then and there, feloniously to steal the same, contrary to the form, force, and effect of the statute in such case made and provided," etc.

To this indictment the defendant plead not guilty, and was tried and convicted, as charged in the indictment.

Defendant's counsel moved for a new trial, and also in arrest of judgment. Both motions were denied. The motion in arrest of judgment was based upon the following grounds:

1. That the indictment does not substantially conform to the requirements of sections 237 and 238 of the Criminal Practice Act.

2. That the facts stated in the indictment do not constitute a public offence.

The defendant appealed.

*W. W. Chipman* for Appellant.

The indictment is bad in that it does not set out the specific character of the bailee, nor the nature of the bailment, whether *depositum, mandatam, commodatum,* or any kind. Many "particular circumstances" are omitted.

The facts stated do not constitute a public offence.

*Attorney-General* for Respondent.

This case involves precisely the same questions as that of The People *v.* Mackinley. Reference is therefore made to the brief on file in that case.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

The defendant was indicted, tried, and convicted for the converson to his own use, whilst bailee, of certain coin and gold-dust, the property of one John A. Clary. Motions were made in arrest of judgment and for a new trial, which were overruled by the Court below, and the defendant appealed.

The indictment is defective in not stating the *character* of the bailment, and in the description of the coin. (The People *v.* A. A. Cohen, 8 Cal. R., 42.)   It is unnecessary to notice the other points made by appellant.

It is but just to state that the indictment was drawn and the trial had before the decision of this Court in the case of Cohen was rendered.

Judgment reversed, and cause remanded for further proceedings.