DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

---

[No. 10,577.—Department One.]
June 15, 1881.

## THE PEOPLE v. RICHARD WILLIAMS.*

EMBEZZLEMENT OF SHARES OF STOCK—PROPERTY, DEFINITION OF.—Shares of stock constitute property, and are therefore the subject of embezzlement.

APPEAL from a judgment of conviction, and from an order denying a motion for a new trial, in the Superior Court of San Francisco, Department No. 12.   FERRAL, J.

The material facts are stated in the opinion.   The appellant contended that shares of stock were not subject to embezzlement, not being tangible, movable, corporeal things, of which only embezzlement could be committed.

*Darwin & Murphy*, for Appellant.

*D. L. Smoot*, for Respondent.

---

* This and the four following cases should have appeared in a former volume of the Reports, but were inadvertently omitted.

CAL. REPS. LX—1

ROSS, J.:

By the information in this case the defendant was charged with the crime of embezzling certain "shares of stock" of certain mining corporations. The principal point made for the defendant, and the only one we deem it necessary to notice is, that "shares of stock" are not the subject of embezzlement.

Embezzlement is defined by the statute to be "the fraudulent appropriation of property by a person to whom it has been intrusted." If, therefore, shares of stock constitute *property*, they are the subject of embezzlement. And that they do constitute property was determined by us in the case of *Payne* v. *Elliot*, 54 Cal. 342, where we said: "It is 'the shares of stock' which constitute the property which belongs to the shareholder. Otherwise, the property would be in the certificate; but the certificate is only evidence of the property; and it is not the only evidence, for a transfer on the books of the corporation without the issuance of a certificate, vests title in the shareholder; the certificate is, therefore, but additional evidence of title, and if trover is maintainable for the certificate, there is no valid reason why it is not also maintainable for the thing itself which the certificate represents."

Judgment and orders affirmed.

McKEE and McKINSTRY, JJ., concurred.