[Crim. No. 737.　Department One. — July 6, 1901.]

## THE PEOPLE, Respondent, v. W. F. GORDON, Appellant.

CRIMINAL LAW — EMBEZZLEMENT — ELEMENTS OF OFFENSE. — The essential elements of the offense of embezzlement are the fiduciary relation which arises where one intrusts property to another, and the fraudulent appropriation thereof by the latter.

ID. — SUFFICIENCY OF INFORMATION — MOTION IN ARREST OF JUDGMENT. — As against a motion in arrest of judgment, an information for embezzlement, which states the elements of the offense, and describes the property intrusted to the defendant by the owner named, and sets forth the felonious embezzlement thereof and the fraudulent conversion thereof by the defendant to his own use, is sufficient.

ID. — UNNECESSARY AVERMENTS. — The information need not state the origin or particulars of the fiduciary relation, and, in the absence of a demurrer, need not state the circumstances of the felonious conversion; nor need it aver that the owner or bailee demanded possession of the property, and was refused.

ID. — EMBEZZLEMENT OF RING — SUFFICIENCY OF EVIDENCE — INSTRUCTION NOT VIOLATED. — Where the defendant was charged with the embezzlement of a diamond ring belonging to the prosecuting witness, which she testified that he took from her hand "before she knew it," declaring that he would have it fixed for her as an engagement ring, and would put rubies in it, and bring it back in nine days, and that he never came back, but sold the ring, the jury might construe the evidence as showing that defendant took the ring with her acquiescence and consent, and that the subsequent felonious conversion constituted the embezzlement. Their verdict of conviction was neither contrary to the evidence, nor to an instruction, given at defendant's request, that if the jury were satisfied that the defendant obtained possession of the ring against her will, they should find a verdict of not guilty.

ID. — VENUE — PLACE OF CONVERSION — BAILMENT IN ANOTHER COUNTY — EVIDENCE. — The defendant was properly charged with embezzlement of the property in the county in which it was converted to his own use; and where the evidence was sufficient to warrant the jury in finding that the intent to embezzle the property was conceived in that county, evidence of what took place when the defendant received the property from the prosecuting witness in another county was not objectionable.

ID. — HARMLESS INSTRUCTION AS TO "LARCENY." — Where the court gave very full instructions as to what constituted embezzlement, and the defendant had requested an instruction to show that there might be an unlawful taking which would not be embezzlement, an instruction as to what constituted "larceny" could not have resulted to the defendant's injury, though claimed by him to be inapplicable to the case.

APPEAL from a judgment of the Superior Court of San Joaquin County and from orders denying a new trial and denying a motion in arrest of judgment. Edward I. Jones, Judge.

The facts are stated in the opinion.

A. V. Scanlan, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

CHIPMAN, C. — Defendant was convicted of embezzlement. He moved in arrest of judgment, which motion being denied, he moved for a new trial. This motion was also denied, and hence this appeal. There was no demurrer to the information. It is not contended that the evidence fails to support the verdict.

1. The motion in arrest of judgment is based upon the ground that the information does not charge a public offense. The information, it is conceded, is in the language of the statute (Pen. Code, sec. 507); but it is claimed that the information is fatally defective, in that it fails to set forth the facts relied on to constitute the embezzlement charged. (Citing *People* v. *McKenna*, 81 Cal. 158.) This was the case of an information charging fraud, under section 532 of the Penal Code. The complaint failed to aver any of the circumstances constituting the ' alleged fraud, although following closely the language of the statute. It was held bad, and not sufficient to sustain the conviction. There are obvious reasons why an indictment for obtaining money or other property under false pretenses should aver with particularity the facts relied upon to show fraud, and hence it is that it is insufficient to simply follow the language of the statute in such cases. But the rule of pleading is different, as the reason is different, in the case of embezzlement. The essential elements of embezzlement are the fiduciary relation arising where one intrusts property to another, and the fraudulent appropriation of the property by the latter. (Pen. Code, sec. 503.) The origin or particulars of the relation need not be stated. (2 Bishop's Criminal Law, sec. 323a.) Section 507 of the Penal Code reads as follows: "Every person intrusted with any property as bailee, . . . who fraudulently converts the same or the proceeds thereof to his

own use, . . . with a fraudulent intent to convert to his own use, is guilty of embezzlement," etc.

It was alleged in the information that on a certain day the defendant "was, by one Pauline Hankozy, intrusted, as bailee, with certain personal property [describing it (a certain diamond ring) and giving its value], which said ring was then and there the personal property of said Pauline Hankozy, and thereafter [stating time and place] the said W. F. Gordon did willfully, unlawfully, and feloniously embezzle and fraudulently convert to his own use, . . . without the consent of the said Pauline Hankozy, contrary," etc.   A similar information, in the case of embezzlement by an alleged agent, was held sufficient in *People* v. *Tomlinson,* 66 Cal. 344; in the case of a public officer, in *People* v. *Mahlman,* 82 Cal. 585, and *People* v. *Page,* 116 Cal. 386,—in which cases there were demurrers. Stating that the property was intrusted to defendant as bailee sufficiently showed a fiduciary relation, and it was not necessary to allege the circumstances of the felonious conversion,— especially so in the absence of a demurrer.   Nor was it necessary to aver that the owner or bailor had demanded possession of the property, and had been refused,· as is claimed by defendant.   *People* v. *Wyman,* 102 Cal. 552, and *People* v. *Royce,* 106 Cal. 173, stated a rule applicable to the evidence and not to the information.

2. It is contended that the verdict was in violation of the following instruction given by the court: "If you are satisfied that the defendant obtained possession of the ring mentioned in the information, against the will of the prosecuting witness, Pauline Hankozy, you should find a verdict of not guilty." The prosecuting witness testified that she first met defendant at Sonora (county not mentioned; there is such a place in Tuolumne County), and that she became engaged to him. She testified that defendant took the ring from her finger before she knew it, and then told her he would take it to San Francisco and have it fixed for her as an engagement ring, and would put some rubies in it, and would bring it back in nine days.   "He never came back," but sold the ring in Stockton. Just what the witness meant by saying that the ring was taken "before she knew it" is not clear; but she seems to have acquiesced at the time.   What defendant's intention was in taking the ring, and whether it was against the owner's will, were questions for the jury, on the evidence. The jury manifestly

construed the evidence adduced, as well they might have done, as showing that defendant took the ring with Miss Hankozy's consent. It was the subsequent felonious conversion by defendant that constituted the embezzlement. The instruction was given at defendant's request, and the verdict was neither contrary thereto nor to the evidence.

3. The property was not received in San Joaquin County, but it appeared that it was converted in that county, and this was sufficient. (*People* v. *Murphy*, 51 Cal. 376.) The evidence was sufficient to warrant the jury in finding that the intent to embezzle the property was conceived in San Joaquin County. This answers defendant's objection to the testimony of Miss Hankozy as to what took place at Sonora, claimed by defendant to be without the jurisdiction of the court, — i. e., in another county.

4. The court gave the following instruction: "The mere taking of property by one from another does not constitute larceny. To constitute larceny, such taking must be a felonious taking, — a taking with the intent on the part of the taker then and there to steal the same." It is claimed that the instruction "had no place in a case like the present one." Defendant, in the instruction asked by him, already noticed, sought to show that there might be an unlawful taking which would not be embezzlement. In effect, it was to intimate that while the evidence in the case might show larceny or some other crime, it was not the crime charged. The court had instructed very fully as to what constituted embezzlement, and, no doubt out of abundant caution, added the above instruction, which could not have resulted to defendant's injury.

We discover no error in the judgment or order and advise that they be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Van Dyke, J., Garoutte, J., McFarland, J.