[Crim. No. 1060.  Department Two.—February 13, 1904.]

THE PEOPLE, Respondent, v. W. F. B. GOODRICH, Appellant.

CRIMINAL LAW—EMBEZZLEMENT OF LAUNCH—BAILMENT—PRIVILEGE OF PURCHASE—SUFFICIENCY OF INFORMATION—EVIDENCE.—An information for the embezzlement of a gasoline launch, which alleges that it was the property of a third person who, on or about a certain date, intrusted it to the defendant as bailee for the purpose of bringing it from one place to another, and then purchasing the same, and to deliver it to the owner, if not purchased, and that he did not bring it to the place agreed, nor purchase it, nor deliver it to the owner as agreed, but did, on or about such date, "willfully, unlawfully, and feloniously embezzle and fraudulently convert to his own use, the said launch," etc., does not show a conditional or any sale of the launch, and sufficiently charges an embezzlement thereof. What were the details of the agreement conferring a privilege of purchase must be looked for in the evidence, and cannot be imported into the information.

ID.—VENUE OF OFFENSE—JURISDICTION.—Where the launch was intrusted to the defendant in the county of the venue, and was carried out of the county in violation of the trust, and the jury were sufficiently warranted by the circumstances in finding that the intent to embezzle the launch was formed in said county, and not after it had been taken from the county, the venue is sufficiently established, and the superior court of that county has jurisdiction of the offense.

ID.—DEMAND NOT REQUIRED.—It was not necessary for the owner of the launch to have first made a demand for the return of the launch in order to constitute the offense of embezzlement.

ID.—ABSENCE OF OWNER FROM STATE—DEPOSITION AT PRELIMINARY EXAMINATION—IMMATERIAL VARIANCE.—Where the case was continued on account of the absence of the owner from the state, and such absence was prolonged so that no subpœna could be served upon him, and there was a sufficient showing of diligence, his deposition taken at the preliminary examination, properly certified by the shorthand reporter, and without any harmful variance from the reporter's notes, was properly admitted in evidence.

APPEAL from a judgment of the Superior Court of San Joaquin County.  W. B. Nutter, Judge.

The facts are stated in the opinion.

A. V. Scanlan, and J. F. Ramage, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

CHIPMAN, C.—Defendant was convicted of the crime of embezzling a certain gasoline launch, the property of one McDade, in the county of San Joaquin.  Defendant appeals from the judgment of conviction and from the order denying his motion for a new trial.  The information charged that defendant, "on or about the sixteenth day of November, 1901, prior to the filing of this information, . . . was then and there intrusted as bailee by one Hugh McDade with one gasoline launch, for the purpose of bringing the same from Staten Island in said San Joaquin County, California, to the city of Stockton in said San Joaquin County, and there purchasing the same, or in case he, the said W. F. B. Goodrich, did not purchase the said gasoline launch, on or before the sixteenth day of November, 1901, he, the said Goodrich, agreed then and there to deliver the said gasoline launch to

its owner, the said Hugh McDade, on or about the sixteenth day of November, 1901.'' Ownership and value of the property in McDade is then alleged, and that Goodrich did not bring the launch to Stockton or purchase it then or at all, or deliver it to the owner as agreed, or at all; ''but thereafter, on or about the sixteenth day of November, 1901, the said W. F. B. Goodrich did willfully, unlawfully, and feloniously embezzle and fraudulently convert to his own use the said launch, without the consent or authorization of said Hugh McDade, and not in the due and lawful execution of his said trust, contrary,'' etc.

1. Defendant urges error in the order of the court overruling his demurrer to the information, because,—1. The launch was delivered on condition that the title should pass on the payment of the purchase price at some future day, and hence he was not a bailee; and 2. The time within which defendant had to purchase the launch—namely, November 16, 1901—had not expired at the time of the alleged conversion—namely, November 16, 1901. Defendant's argument is, that ''The contract of bailment set forth in the information shows that the delivery of the launch to appellant was on the footing of a sale, and payment would have been a complete performance.'' It was said in *People* v. *Gordon,* 133 Cal. 328:[1] ''The essential elements of embezzlement are the fiduciary relations arising when one intrusts property to another, and the fraudulent appropriation of the property by the latter. (Pen. Code, sec. 503.) The origin or particulars of the relation need not be stated.'' (Citing 2 Bishop on Criminal Law, sec. 323a.) The information in the present case would have been sufficient without setting forth the particulars constituting the fiduciary relation. But having stated them, the pleader should perhaps be bound by their legal effect. We are unable to agree with appellant that the facts show a conditional or any sale. It plainly appears that the launch was intrusted to defendant as bailee, ''for the purpose of bringing the same from Staten Island, in San Joaquin County, California, to the city of Stockton, in said county, and of there purchasing the same.'' He was to bring the launch to Stockton, and when he did so he was to have the privilege of purchasing on or before a certain day. Upon

---

[1] 85 Am. St. Rep. 174.

what terms he could purchase does not appear. He was charged with the trust of first delivering the launch to its owner, and nothing in the information shows that defendant was authorized to deal with the property as his own or to pay for it at any price. What the details of the agreement were must be looked for in the evidence, and this cannot be imported into the information. He is distinctly charged with being intrusted as bailee with the property of another, and of having feloniously embezzled and converted it to his own use, in violation of his trust. The information, in our opinion, is sufficient. (*People* v. *Johnson*, 71 Cal. 384; *People* v. *Gordon*, 133 Cal. 328;[1] *People* v. *McLean*, 135 Cal. 306.)

2. It is urged that the court was without jurisdiction, the claim being, that the launch was in the city and county of San Francisco on the day of the alleged conversion, "on or about November 16th, 1901." It appeared from the evidence of McDade that defendant came to witness at his ranch near Stockton and stated that he had heard that witness had a launch for sale. The launch was then at Eagle Tree, Staten Island, San Joaquin County, in charge of Herbert Waite. Witness told defendant the boat was for sale, but he would first have to communicate with Waite. He made an appointment to meet defendant in Stockton, on Saturday, October 10th, and they did meet there on that day. McDade testified that defendant was to go to Staten Island and bring the launch to Stockton, which defendant said he could do in thirty-six hours. Witness told defendant to "be here by Thursday, if not, not later that Saturday," and he replied, "I will be here."

On the following day (Sunday) McDade gave defendant a written order directed to Waite for the launch, and Waite testified that defendant presented the order between the 10th and 15th of November, 1901: "Witness showed defendant how to run the launch, and he took it and started away down the Mokelumne River, and that was the last the witness saw of him; there was a man named Odin with defendant at the time." Odin testified that on defendant's taking possession of the launch they went directly to Benicia, thence to San Francisco, where the launch was fitted out and provisioned for a sea voyage, and after ten or fifteen days they put to

[1] 85 Am. St. Rep. 174.

sea through the Golden Gate and proceeded south along the coast, putting into harbor occasionally, and defendant was finally arrested at Santa Barbara in possession of the launch. To reach San Francisco it was necessary for defendant to pass down the Mokelumne River to its junction with the San Joaquin River, and to take the launch to Stockton, as he had agreed, he should have turned up the San Joaquin River. Instead of doing so, he made for Benicia, where he arrived the day he departed from Eagle Tree, Staten Island. We think the jury were warranted in finding that the intent of defendant to embezzle the launch was formed while he was in San Joaquin County, and not after he reached San Francisco. The inherent difficulty of proving by direct evidence the intent with which an act is conceived makes the intent a legitimate inference from the act itself and the attendant circumstances. The fact that defendant reported by letter to McDade while defendant was at San Francisco is not necessarily inconsistent with his having the intent to embezzle at the time he received the launch. This he may have done to allay the owner's suspicions. On defendant's own admission, he wrote to the owner shortly before he put to sea that he was going to Albany, Oregon, to arrange some business there. He did not go to Albany, but turned the nose of the launch along the southern coast.

3. We think also the time of embezzlement was established by sufficient evidence. Nor was it necessary for the owner to have first made a demand for the return of the launch in order to constitute the offense that of embezzlement. (*People* v. *Gordon,* 133 Cal. 328;[1] *People* v. *Ward,* 134 Cal. 301.)

4. It is contended that the deposition of McDade was improperly admitted. The trial was first set for April 14, 1903, and on motion of the district attorney the cause was continued to May 5th, because of the absence of McDade from the state. The cause was called May 5th, and a jury obtained May 6th. Preliminarily to offering McDade's deposition, it was shown that reasonable effort was made to serve a subpoena upon him, and that the only information the sheriff and his deputy could get was, that McDade was in the state of Nevada, and this was also satisfactorily shown by the testimony of McDade's wife.

[1] 85 Am. St. Rep. 174.

We think the evidence of diligence was sufficient. (*People* v. *McIntyre*, 127 Cal. 423.)

The certificate of the shorthand reporter complies with the requirements of section 869 of the Penal Code. It is free from the infirmities found in the certificate in *People* v. *Ward*, 105 Cal. 652, cited by appellant. The question suggested as to the regularity of the appointment of the shorthand reporter is not before us. (On the point raised, see *People* v. *McIntyre*, 127 Cal. 423.)

There was an attempt to show that the deposition, as read, varied in some particulars from the reporter's notes. The variance was inconsequential, and it clearly appears it was not in the least harmful. (*People* v. *McIntyre*, 127 Cal. 423.)

5. Objection is made to certain modifications made by the trial judge in defendant's instructions Nos. 16 and 26, and in refusing instruction No. 27. The court instructed the jury quite fully, and as favorably, we think, as defendant was entitled to, upon the principles of law involved in the case and upon the points covered by instructions 16 and 26. So far as we can see, the modifications made by the court were necessary to a correct statement of the law. No. 27, among other things, stated: ''That a bailee is not bound to deliver a thing deposited without demand, even where the deposit is made for a specified time,'' and that defendant could not be convicted unless it should appear ''that a demand was made upon this defendant by McDade for the return of said launch, and that the defendant had refused to return the same.'' Conceding that such a rule would be applicable in some cases, this one was not in that class.

The judgment and order should be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Lorigan, J., McFarland, J., Henshaw, J.