[Crim. No. 73.   Third Appellate District.—August 15, 1908.]

THE PEOPLE, Respondent, v. CORNELIUS O'BRIAN, Appellant.

CRIMINAL LAW—EMBEZZLEMENT BY BAILEE—PROCEEDS OF CERTIFICATE OF DEPOSIT—SUFFICIENCY OF INFORMATION.—An information for embezzlement averring that a certificate of deposit of the value of $250 was intrusted by the owner to defendant as a bailee, who cashed the same for the account of the bailor, and willfully, fraudulently and feloniously embezzled the proceeds thereof, and converted the same to his own use without the consent of the bailor, sufficiently charges the crime of embezzlement.

ID.—ESSENTIAL ELEMENTS OF OFFENSE.—The essential elements of the offense of embezzlement are the fiduciary relations arising where one intrusts property to another, and the fraudulent appropriation of the property by the latter.

ID.—EMBEZZLEMENT OF PROCEEDS OF CERTIFICATE OF DEPOSIT—CODE PROVISION.—The fact that the defendant is charged with the embezzlement of the money derived from the cashing of the certificate of deposit, instead of the certificate itself, cannot avail the defendant; since it is expressly provided in section 507 of the Penal

Code that "every person who embezzles property intrusted to him, or the proceeds thereof, is guilty of embezzlement."

ID.—OWNERSHIP OF PROCEEDS IN BAILOR AVERRED.—The averment that the bailor was the owner of the certificate of deposit intrusted to the defendant bailee, that defendant cashed it and received the proceeds thereof, coupled with the averment that he did so for and on account of the bailor, sufficiently alleges the bailor's ownership of the proceeds in money embezzled.

ID.—VENUE OF EMBEZZLEMENT.—The fact that the certificate cashed was issued by a bank in Butte City, Montana, does not show any ambiguity as to the venue in Sacramento county, in this state, where the certificate was therein received, cashed and the proceeds thereof embezzled by the defendant, as alleged in the information, and a reference to the city, county and state aforesaid must be construed as referring to the county of Sacramento, state of California, and the word "city" may be disregarded as surplusage.

ID.—CORPORATE CHARACTER OF BANK ISSUING CERTIFICATE IMMATERIAL. The information was not required to aver the corporate character of the bank issuing the certificate of deposit, where that bank does not appear to have been an injured party, and was not a party to the transaction between the bailor and bailee of the certificate, which was cashed in the city and county of Sacramento, and the proceeds thereof there embezzled as against the bailor.

ID.—VALUE OF CERTIFICATE ALLEGED—FURTHER AVERMENTS UNNECESSARY.—Where the value of the certificate was alleged, it is sufficient for purposes of the demurrer; and it is unnecessary further to aver that the certificate was issued by the bank and covered money of the bailor deposited therein. The value would be matter of proof on the trial.

ID.—SUFFICIENCY OF INFORMATION UNDER CODE.—Where the information conforms to the requirements of section 950 of the Penal Code, and contains a statement of the acts constituting the offense in such a manner as to enable a person of common understanding to know what is intended, it is sufficient.

APPEAL from a judgment of the Superior Court of the County of Sacramento, and from orders denying a motion for new trial, and denying a motion in arrest of judgment. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

A. A. De Ligne, for Appellant.

U. S. Webb, Attorney General, and J. Chas. Jones, for Respondent.

NUTTER, J.—Appeal from judgment and from orders denying the motion for a new trial and denying the motion in arrest of judgment.

The information in this case is entitled and was filed in the superior court of Sacramento county, state of California, and it charges that the defendant on a certain day in September, 1907, "at the said County of Sacramento, in the State of California, and before the filing of this information, was then and there by one Michael Ward intrusted as bailee with certain personal property, to wit, a certificate of deposit for the sum of two hundred and fifty dollars, lawful money of the United States, on the Silver Bow National Bank of Butte City, in the State of Montana, payable to the said Michael Ward, then and there of the value of two hundred and fifty dollars, lawful money of the United States, and then and there the personal property of the said Michael Ward, and thereafter on or about the 5th day of September, 1907, at and in the City, County and State aforesaid, the said Cornelius O'Brian did cash said certificate of deposit and did then and there receive and take into his (the said Cornelius O'Brian's) control and care the said sum of two hundred and fifty dollars, lawful money of the United States, for and on account of the said Michael Ward, and thereafter and on or about said last-mentioned day, and in the said City, County and State aforesaid, did willfully, unlawfully, feloniously and fraudulently embezzle, convert and appropriate the said two hundred and fifty dollars so secured to his (the said Cornelius O'Brian's) own use, without the consent of the said Michael Ward—contrary to the form, force and effect of the statute in such case made and provided, and against the peace and dignity of the People of the State of California."

Appellant demurred to the information upon the following grounds: 1. That the court had no jurisdiction of the offense charged; 2. That the information does not substantially conform to the requirements of sections 950, 951 and 952 of the Penal Code; 3. That more than one offense is charged; 4. That the facts stated do not constitute a public offense. The demurrer to the information was overruled.

After conviction, and before sentence was pronounced, the defendant moved in arrest of judgment upon all the grounds set forth in the demurrer, and two additional grounds, namely: 1. That the information contains matters which, if true, would constitute a legal justification or excuse of the offense, and a legal bar to the prosecution; and 2. That it does not appear from the information that the offense was committed in Sacramento county.

The motion in arrest of judgment was by the court denied, and sentence pronounced, hence this appeal.

The evidence is not brought up, and the only question presented to the court for its consideration is the sufficiency of the information. Section 507 of the Penal Code, under which the foregoing information was framed, provides that "every person intrusted with any property as bailee, tenant, or lodger, or with any power of attorney for the sale or transfer thereof, who fraudulently converts the same, or the proceeds thereof to his own use, or secretes it, or them, with a fraudulent intent to convert to his own use, is guilty of embezzlement." It is contended that the information is insufficient, in that it fails to allege that the defendant was acting as agent, or in any other confidential capacity toward Ward, when he received the money which he is charged with having embezzled, or that the money was the property of Ward, and that he is not charged with having embezzled the certificate of deposit. It is alleged that Ward was the owner of the certificate of deposit payable to himself; that he intrusted the same to the defendant as bailee; that it was of the value of $250, lawful money of the United States; that he had cashed it, received and took into his care and control as the proceeds thereof the said sum of $250 in lawful money of the United States, for and on account of said Ward, and that he fraudulently converted the said sum of $250 so received by him to his own use without the consent of said Ward. It having been alleged in the language of the statute that the defendant received the certificate of deposit as bailee, it was not necessary for the pleader to allege the nature of the bailment, nor the particulars or circumstances thereof. As was said in *People* v. *Gordon*, 133 Cal. 328, [85 Am. St. Rep. 174, 65 Pac. 746], and affirmed in *People* v. *Goodrich,*

142 Cal. 216, [75 Pac. 796]: "The essential elements of embezzlement are the fiduciary relations arising where one intrusts property to another, and the fraudulent appropriation of the property by the latter. The origin or particulars of the relation need not be stated." Stating that the property was intrusted to defendant as bailee sufficiently showed the creation of a fiduciary relation, and it was not necessary to allege the circumstances of the felonious conversion.

The fact that the defendant is charged with having embezzled the money instead of the certificate will not, in our opinion, avail him. The money was the proceeds of the certificate, and came into his care by reason of his cashing it, and since it is provided by said section 507 of the Penal Code that "every person who embezzles property intrusted to him or the proceeds thereof, is guilty of embezzlement," he is, in either event, liable.

The statement that Ward was the owner of the certificate at the time he intrusted it to the defendant, that defendant cashed it and received the proceeds thereof, coupled with the allegation that he did so for and on account of Ward, is a sufficient allegation of Ward's ownership of the money.

It is further contended that the place of the embezzlement is not alleged with sufficient certainty, because the county of Sacramento in the state of California, and Butte City in the state of Montana, are both mentioned in the information previous to the words "then and there" and "aforesaid"; that the reference through the word "said" and "aforesaid" does not identify with any more certainty the county of Sacramento, state of California, than it does Butte City in the state of Montana. While the information is not as explicit in this regard as it should be, nevertheless we think it sufficient to support the judgment of conviction. The words "Butte City" as used in the information do not refer to that city as a locality or place where any transaction with the defendant occurred, but constitutes a portion of the name of the bank issuing the certificate, and the state of Montana, following the name of the bank, is descriptive only of the bank's location, and, in our opinion, has no reference to the venue necessary to be charged in the information. The word "county" is not mentioned in connection therewith, and is

found only referring to Sacramento wherein it is positively alleged defendant was intrusted with the certificate, the proceeds of which he embezzled. The information was dealing with the alleged act of the defendant, and inasmuch as no more than one time or place had been mentioned in the information previous to the use of these words which related to the act of the defendant, the information is not open to the objection which might prevail if more than one time or place was mentioned prior to the use of said words when so referring to his acts. The subsequent use of the word "city" cannot be held to refer to Butte City as a place descriptive of the venue of the alleged crime, and can be totally disregarded since, as above stated, Butte City was used only as a part of the name of the bank therein mentioned, and not as a place at which occurred any act charged against the defendant. Therefore, the words "then and there" and "in the city, county and state aforesaid" must be construed as having reference only to Sacramento county, California. And the use of the word "city" as mentioned in said latter phrase must be treated as surplusage which can in no way vitiate the said information.

It is also urged that the information fails to state that the Silver Bow National Bank of Butte City is a corporation, or whether the certificate was issued by the bank, or whether it covered money which said Ward had on deposit in said bank. We think these objections are equally untenable. It is not charged that the bank was a party to the transaction with this defendant, or that it was in any wise an injured party, or had any relation to the certificate except by way of description thereof. It would be true, that if it were charged that the bank was the party defrauded, it would be necessary to allege its corporate capacity and prove the same at the trial. And it was equally unnecessary to allege whether the certificate was issued by the bank or covered money belonging to said Ward there on deposit. These allegations would be directed to the question of value, and inasmuch as the certificate is alleged to be of the value of $250, so likewise the money embezzled, the information is, therefore, sufficient in that regard, and whether the certificate was of the alleged value was a matter of proof at the trial.

No other points are urged in behalf of appellant except that it is stated generally in the brief on file that he relies upon all other errors appearing in the record. No other claimed errors have been pointed out. We have examined the record and find the instructions full and fair. The information conforms to the requirements of section 950 of the Penal Code, and contains a statement of the acts constituting the offense in such a manner as to enable a person of common understanding to know what was intended, and is therefore sufficient.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 13, 1908.