THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* COLÓN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Embezzlement.

No. 788.—Decided May 24, 1915.

EMBEZZLEMENT—FIDUCIARY RELATION—FALSE PRETENSES.—If the complaint does not clearly charge the fiduciary relation; if the facts stated plainly show a mere business transaction involving only a civil liability or even a common law theft or the obtaining of money under false pretenses, or any other offense than that of embezzlement, then, unquestionably, a judgment of conviction cannot stand.

ID.—COMPLAINT—ELEMENTS OF CRIME.—In the case at bar the complaint charged that the prosecuting witness delivered a safe valued at $32 to the accused to sell, the amount to be delivered to him as soon as the sale was made, and that instead of so doing, he wilfully, maliciously and fraudulently sold the safe to Ramón Colón for $18 and appropriated the same to his own use, thus defrauding the prosecuting witness. *Held:* That the complaint charges all the essential elements of embezzlement.

The facts are stated in the opinion.
*Messrs. Tizol & Campillo* for the appellant.
*Mr. Salvador Mestre, fiscal,* for The People.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was convicted first in the Municipal Court of Ponce and again, after a trial *de novo,* in the Ponce District Court, upon the following complaint:

"Municipal Court of Ponce, P. R. United States of America. The President of the United States. *The People of Porto Rico* v. *Ovidio Colón, Jr.* I, Medardo Rodríguez, resident of Ponce, Mayor Cantera Street No. 53, and thirty-five years old, file this complaint against Ovidio Colón, Jr., for a crime of embezzlement committed as follows: On December 5, 1913, and on Mayor Cantera Street, of Ponce, in the Municipal Judicial District of Ponce, P. R., the aforesaid Ovidio Colón, Jr., voluntarily, wilfully and maliciously, I having delivered to him, to sell, a safe valued at $32, to be delivered to me upon making the sale, did not act in the manner agreed upon but sold the safe to Ramón Colón, a resident of Unión Street, for the amount of $18 which he converted to his own use and benefit, thus defrauding my interests. This being an act contrary to the law in such cases provided, I complain thereof before this court, for the proper effects, etc."

The grounds of appeal, as stated in appellant's brief, are:

*First.* That the complaint charges no offense.

*Second.* That the facts stated in the complaint would, at most, constitute a crime of false pretenses but not that of embezzlement.

*Third.* Because the judgment is contrary to the evidence.

In support of the first two grounds the appellant cites *People* v. *García,* 11 P. R. R., 341; *People* v. *Gordon,* 133 Cal., 328, and *People* v. *Quevedo,* 15 P. R. R., 69. None of these cases sustains either proposition. In *People* v. *García* the prosecutor delivered to the defendant a piece of cloth to take home for examination upon the understanding that he would thereupon either pay for the same or return it forthwith. The California case holds that an information "stating that the property was intrusted to defendant as bailee sufficiently showed a fiduciary relation," citing previous decisions to the same effect. In the Quevedo case the complaint charged that "the defendant, Randolfo Quevedo, went to the house of the complainant and asked the complainant if it was true that he was selling a phonograph, and Manuel Rosario having answered in the affirmative, the accused requested him to deliver the phonograph to him stating that a certain

Girard from Isabela wanted to buy it; that the deponent believing that the accused was speaking the truth, gave the apparatus to the accused and told him that he was not willing to sell it for less than $20, the accused being bound to bring the money to Rosario on the next day, which he has not done up to the present time, and inasmuch as the accused has disposed of the phonograph in an illegal and malicious manner, I file this complaint against him." A demurrer was interposed to the complaint on the ground that the facts therein stated did not constitute the offense of embezzlement but only a false representation. This court, citing *People* v. *Garcia,* held that the complaint did not set out the fiduciary relation with sufficient clearness to constitute the offense of embezzlement. Appellant might have cited another case decided upon the same day as the Quevedo case above mentioned, also entitled *People* v. *Quevedo,* 15 P. R. R., 72, in which the defendant was charged with false representation and cheating and was convicted of embezzlement, and in which this court likewise held that the facts stated showed no fiduciary relation and therefore could not sustain a conviction of embezzlement.

The California case, as far as it goes, fully sustains the complaint in the case at bar. The other cases relied upon are so clearly distinguishable upon the facts that any extended discussion of the matter would be worse than superfluous. If the complaint before us did not clearly charge the fiduciary relation; if it recited the facts as testified to by the defendant; if the facts stated plainly showed a mere business transaction involving only a civil liability or even a common law theft or the obtaining of money under false pretenses, or any other offense than that of embezzlement, then, unquestionably, the judgment of conviction could not stand. But that is not this case.

We need not dwell at length upon the facts set forth in the complaint. Rarely do we find in a misdemeanor case before a municipal court such a clear, concise and complete

statement of all the essential elements of an offense. The formal introduction; the recitals as to the criminal intent; the delivery of the property; its value; the purpose, terms and conditions of such delivery; the trust; the violation thereof; the conversion; the fraud; the conventional conclusion, all compare quite favorably with the average information in an ordinary felony case. There is not the remotest suggestion of a sale to defendant, conditional or otherwise, or of any false representation or pretense upon the part of such defendant, nor of common law larceny or any other crime as contradistinguished from the statutory offense charged.

The first two propositions submitted by the appellant are, therefore, wholly untenable.

The third ground of appeal is ably and earnestly presented in the brief for the appellant. Several circumstances that appear from the face of the record lend a certain disquieting color and degree of plausibility to the defendant's version of the facts in the case. There is also room for a more or less remote suspicion that, had he been represented by counsel below, other facts of a circumstantial nature tending to corroborate his testimony might possibly have been elicited from certain witnesses; but we can only consider the facts actually proven upon the trial and should avoid idle speculation as to what other evidence might have been adduced. This is about the most that can be said upon this phase of the case.

There were two trials before different judges, both of whom heard the testimony as it came from the lips of the witnesses and both of whom came to the same conclusion upon all the evidence and beyond all reasonable doubt as to the guilt of the defendant. The evidence is amply sufficient to sustain the judgment and it must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.