[Crim. No. 1541. Second Appellate District, Division Two.—December 23, 1927.]

THE PEOPLE, Respondent, v. L. J. KIRWIN, Appellant.

Jas. W. Bell for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

WORKS, P. J.—Defendant was informed against for the crime of embezzlement and was convicted. He appeals from the judgment and from an order of the trial court denying his motion for a new trial.

The subject of the offense, as alleged in the information, was "one hundred shares" of the capital stock of a certain corporation, which it was charged that appellant held as bailee. During the preliminary examination of appellant, and while the complaining witness was on the stand in the committing magistrate's court, appellant offered to her and she took from him a certificate for an equal number of the shares of the stock of the same corporation. Appellant contends that this restitution was a complete defense to the charge upon which he was later committed, under the provisions of section 512 of the Penal Code, which reads: "The fact that the accused intended to restore the property embezzled is no ground of defense or mitigation of punishment; if it has not been restored before an information has been laid before a magistrate, or an indictment found by a grand jury, charging the commission of the offense." It will be observed, however, that this section does not provide that restitution is a defense, but that it is not a

defense except under certain circumstances. The enactment must be read in connection with section 513 of the same code, which is to the effect that when all proper circumstances are present the fact of restitution "is not a ground of defense, but it authorizes the court to mitigate punishment, in its discretion."

The question now to be determined is whether the law as declared in these sections has any application to the case of appellant. He contends that the word "information," as employed in section 512, refers to the pleading of that name which is filed by district attorneys, and he therefore insists that the restitution made by him was not too late, for the reason that an information is not filed by a district attorney in a particular case until after the preliminary examination of the accused. We think the word, as used in the section, cannot be given the meaning which appellant would ascribe to it. This seems apparent from the language of the enactment itself, for the information must have "been laid" before the magistrate himself, while the information prepared by a district attorney is filed with the superior court after a magistrate has concluded his labors and a commitment has resulted (Pen. Code, sec. 809). We think the word used in section 512 was intended to import the laying before a magistrate of a charge, or of "information," that a public offense has been committed and that it has been committed by the person whose preliminary examination is sought. A somewhat similar use of the word "information" occurs in section 811 of the Penal Code. As the word in section 512 must be so read, it follows that the restitution came too late, for it was made while appellant's preliminary examination was in progress. We do not decide whether sections 512 and 513 would have been available to appellant on appeal merely because the trial court resolved against him the discretion referred to in the latter section, if the discretion was so resolved, and even if the restitution had been made before the committing magistrate had been "informed" of the charge against appellant.

In view of the fact that two sections of the Penal Code (967 and 1131), relating to the crime of embezzlement, refer to certificates of stock, appellant contends that the

information failed to state a public offense in that it was alleged therein that he embezzled "shares" of stock. The contention is answered by *People* v. *Williams*, 60 Cal. 1, which was decided after sections 967 and 1131 of the code had assumed their present form, in so far as—if at all—they may be said to give any support to appellant's claim. The information was not, therefore, subject to the assault which appellant makes upon it. Notwithstanding the decision in *People* v. *Williams*, which arose out of the exigencies of the particular case, we think it were better if the information now before us had charged the embezzlement of a certificate of stock for the number of shares evidenced by it.

The information charged that appellant "was the agent and bailee of" the complaining witness, that he "was a person entrusted with and having in his control the personal property" alleged to have been embezzled, and "by virtue of his trust as such agent and bailee" the property embezzled "came into the care, possession, custody and control of him," the appellant. It is insisted that these allegations were insufficient, for it is said that the information should have alleged facts showing that appellant was a bailee and showing the character and purpose of the bailment. There is other matter in the information which, while not strictly descriptive of the nature of the bailment, perhaps affords some aid to the allegations above quoted. It is charged that appellant, in committing the embezzlement, did "appropriate the said personal property to his own use, and to uses and purposes not in the due and lawful execution of his said trust as agent and bailee and person so entrusted as aforesaid." However, although the rule was as contended for by appellant under an old line of cases decided before the adoption of the codes (*People* v. *Cohen*, 8 Cal. 42; *People* v. *Peterson*, 9 Cal. 313; *People* v. *Poggi*, 19 Cal. 600; *People* v. *Smith*, 23 Cal. 280), it is now different. The information, without the aiding allegation to which we have referred, is sufficient in its averment that the bailment was in existence (*People* v. *Gordon*, 133 Cal. 328 [85 Am. St. Rep. 174, 65 Pac. 746]; *People* v. *Goodrich*, 142 Cal. 216 [75 Pac. 796]; *People* v. *O'Brian*, 8 Cal. App. 641 [97 Pac. 679]; *People* v. *Riccardi*, 50 Cal. App. 427 195 Pac. 448]).

The information alleged that the shares charged to have been embezzled were the property of the complaining witness, a married woman. The evidence showed that the shares were represented by a single certificate of stock, and it is contended that there was no showing that the paper, or shares represented by it, was the property of the complaining witness. We think the evidence was sufficient to show the ownership as alleged. The certificate was one of the character known as a "street certificate," that is, one which showed the indorsement of the original holder and therefore passed by delivery. Before the inception of the bailment it was in the possession of the complaining witness and was by her delivered to appellant. There was no evidence that the shares, or the certificate, were the property of any other person.

It is contended that the trial court erred in refusing to allow appellant to make an application for probation. The power to deny probation rests exclusively in the trial court and a refusal to grant it is not reviewable here (*People v. Laborwits*, 74 Cal. App. 401 [240 Pac. 802]).

Other points are stated by appellant, but they are not argued nor is authority cited to support them. As to such points there is nothing for us to decide (*People v. Zarate*, 54 Cal. App. 372 [201 Pac. 955]).

Judgment and order affirmed.

Craig, J., and Thompson, J., concurred.