[Crim. No. 1732. Third Appellate District.—July 18, 1940.]

THE PEOPLE, Respondent, v. CASPER N. TORP, Appellant.

Carl L. Christensen for Appellant.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—Defendant was indicted and subsequently convicted of grand theft, and from the judgment of conviction and order denying a new trial this appeal is prosecuted.

In the first count of the indictment it is alleged:

" . . . Casper N. Torp was entrusted by Dorothy St. Louis Austin and W. G. Austin, her husband, with the sum of Four Thousand Five Hundred Dollars ($4500.00) . . . for the express purpose of paying the said sum of Four Thousand Five Hundred Dollars ($4500.00) . . . to Emilie H. Gaine; that the said Casper N. Torp did not pay said sum . . . or any part thereof, to the said Emilie H. Gaine, but . . . did wilfully, . . . and in violation of his trust, appropriate said sum . . . to his own use."

The second count is like the first count except it alleges a different amount and different dates.

The evidence discloses that Mary Costa was the owner of a tract of land which was subject to a mortgage for $7,400 held by Mr. and Mrs. Gaine. In January, 1937, Mr. and Mrs. Austin desired to purchase this land and called upon Torp, an attorney at law of Arcata, who had in his possession all the papers necessary to a satisfaction of the deal and was familiar with all the facts concerning this property. In April, 1937, it was agreed that the Austins would buy the property for $7,600, which would pay off the Gaine mortgage and leave a small balance for the owner. All the negotiations took place in the office of Torp, and when the arrangements had been finally agreed upon the Austins gave to Torp $50 in cash and four checks totaling $7,550, drawn upon their account. At the time of the delivery of these four checks Torp gave to Mrs. Austin a deed of the property from Mrs. Costa, the owner, and a satisfaction of the mortgage from Mr. and Mrs. Gaine.

Mrs. Austin then returned the satisfaction to Torp, asking him to record it for her. For some reason not clear from the record, this satisfaction was not recorded but was deposited by Torp with a local title company. Torp cashed the several checks and retained the proceeds thereof. After cashing the checks Torp told Mr. and Mrs. Gaine that he could not pay the amounts due them in satisfaction of their mortgage until an action to quiet title, which had been filed, had been determined, telling them, however, that upon completion of the proceedings the entire sum would be paid them. After waiting several months Mr. Gaine obtained from the title company the satisfaction of the mortgage, which had been left with the company by Torp. In November, 1937, the suit to quiet title was concluded and Gaine demanded of Torp his money, and then for the first time learned that the entire sum had been converted.

Two points are urged by appellant upon this appeal,— first, that the indictment is insufficient in that it does not allege to whom the fiduciary relationship was owing, and secondly, that the court erred in certain rulings upon admissibility of evidence and in its instructions to the jury.

It is the contention of appellant raised by demurrer, motion to set aside the indictment, and to strike, and in arrest of judgment and on motion for a new trial, that the indictment in merely charging that appellant was "entrusted" by Dorothy St. Louis and W. G. Austin with certain moneys to be paid over to Emilie H. Gaine failed to state a public offense and was wholly insufficient in that there was no allegation of fact as to the capacity in which appellant received the money, or to whom the money belonged, or to whom he owed any duty.

Appellant cites several cases as authority for the position that the existence of a fiduciary relationship must be pleaded and proved: *People* v. *Steffner,* 67 Cal. App. 23 [227 Pac. 699] ; *People* v. *Riccardi,* 50 Cal. App. 427 [195 Pac. 448] ; *People* v. *Kirwin,* 87 Cal. App. 783 [262 Pac. 803].

A careful examination of the cases does not support the claim of appellant, at least to the extent he claims.

In *People* v. *Steffner, supra,* the allegations of the information were that defendant was "entrusted" by the complaining witness with a specified sum and "then and there received the said . . . money in trust as aforesaid and while so entrusted

. . . did . . . appropriate to his own use the said money, not in the due and lawful execution of said trust . . . '' The court there points out that the complaining witness ''entrusted'' the money to defendant, and that defendant ''received the said property and money in trust as aforesaid, and while entrusted and in possession of said property, . . . fraudulently'', etc. Under such allegations the court held it was clear that defendant received and held the money as trustee. While it was necessary, the court said, to state the fiduciary relationship between the defendant and the owner of the property, it was not essential that defendant be called in the information the bailee, trustee or agent, or to designate defendant by any particular name, provided the facts constituting the crime were fully stated. ■ Also, the title to the property involved need not be absolute, for any legally recognizable interest is sufficient to sustain an averment of ownership in an indictment for grand theft. (*People* v. *Treadwell,* 69 Cal. 226 [10 Pac. 502].) Embezzlement itself is defined in section 503 of the Penal Code, as ''the fraudulent appropriation of property by a person to whom it has been entrusted''.

In *People* v. *Kirwin, supra,* it is held that an information charging defendant was the agent and bailee is sufficient without showing the character and purpose of the bailment.

■ The several cases cited by appellant were decided prior to the consolidation of the crimes of larceny, embezzlement and obtaining money under false pretenses, under the charge of grand theft as defined in section 484 of the Penal Code (1927). While of course these crimes still retain their specific elements as far as proof is concerned, they may, under sections 484 and 952 of the Penal Code be now set forth ''in the words of the enactment . . . or in any words sufficient to give the accused notice of the offense of which he is accused''.

In *People* v. *Hill,* 2 Cal. App. (2d) 141 [37 Pac. (2d) 489], it was held that under that method of pleading, embezzlement is charged as grand theft.

The indictment clearly charged that defendant was *entrusted* by Dorothy St. Louis Austin and W. G. Austin, her husband, with specific sums of money for the express purpose of paying these sums to Emilie H. Gaine; that he did not do, but in violation of his trust appropriated the money to his

own use. It would seem that a clearer statement, or more specific details would not be necessary to fully inform appellant of the nature of the charge against him.

■ Appellant also claims there is no evidence that the money was entrusted to him for any specific purpose. The indictment alleges the money was entrusted to Torp for an express purpose, and the record discloses that it was paid over by the Austins to pay off a mortgage; that appellant, as an attorney, was conversant with the status of the property and had in his possession the papers to clear the title and make the transfer of ownership from Mrs. Costa to Austin and to pay off the Gaine mortgage, and he received the money for that purpose. He gave the Austins a deed to the property and a satisfaction of mortgage, but failed to pay off the mortgage and to clear the title. Not only is the testimony of the Austins and the Gaines clear as to all the facts, but a letter in evidence from Torp bears out all they claim as follows:

"April 19, 1937

"Mr. C. F. Gaine,
 "5457 Broadway
 "Oakland, California.
"Dear Mr. Gaine:

"The transaction for the sale of a portion of the Costa property has been closed, but the title Company encountered more difficulty than was expected relative to the title, and they have instructed that proceedings be taken under the so-called 'Twenty-year Act' to quiet the title to the property. This procedure will take about ten weeks. The papers have all been executed and the buyers have placed $7500.00 with me in escrow to be paid to you as soon as the title is cleared.

"Trusting the matter will go through according to schedule, and that you will let me know if you desire any further information relative to the matter, I am,

"Yours very truly,

"CASPER N. TORP."

■ As to criticism directed toward certain instructions, it is the theory of appellant, apparently, that it was necessary to establish the actual legal title to the money paid by the Austins to Torp. That was unnecessary. It is sufficient if the money was given to appellant by Austin, and the evidence shows it was not a gift or a loan but was a trust fund for a specific purpose. Whether the legal title to the money was

in the Austins, the Gaines or Mrs. Costa, is immaterial in this criminal proceeding. As far as the defendant is concerned he had no legal title to the money and his possession was for a limited purpose only. He cannot, in defense of his act, raise the question of title as between others. Instructions, therefore, along those lines, were properly refused.

 Also appellant claims the court erred in limiting his cross-examination of Mr. Gaine. That examination was likewise to show to whom the money belonged, and whether or not appellant was entitled to an offset for previous transactions. Those were matters not pertinent in this criminal action. The money, not the property of appellant, was paid over to him to satisfy a mortgage; it was not so applied.

We find no errors, and the judgment and order are affirmed.

Thompson, J., concurred.