489 P.2d 80

**STATE of Arizona, Appellee,**

v.

**John P. MACKEY, Appellant.**

**No. 2 CA–CR 251.**

Court of Appeals of Arizona, Division 2.

Oct. 1, 1971.

Rehearing Denied Oct. 28, 1971.

Review Denied Nov. 30, 1971.

**418**

Gary K. Nelson, Atty. Gen., Phoenix, Rose Silver, Pima County Atty. by James M. Howard, Deputy Pima County Atty., Tucson, for appellee.

Stubbs & Stephens, P. C. by James C. Stephens, Tucson, for appellant.

HATHAWAY, Judge.

We are asked on this appeal to decide only one question, whether A.R.S. §§ 13–685 and 13–686 when taken together admit of such a double meaning as to be unconstitutionally broad, vague, uncertain and contradictory and thus violate due process standards under the Fifth and Fourteenth Amendments to the United States Constitution.

Appellant, John P. Mackey, on 22 May 1967 was appointed guardian of the Estate of Reverend John P. DeVane, a Catholic Priest. Reverend DeVane later died. Fourteen days thereafter Mackey was notified by the deceased's executor to set forth an accounting of the assets in deceased's estate. Approximately three months later, after several unsuccessful attempts were made by the executor to obtain the accounting, appellant admitted he did not have the assets of the estate. An Order to Show Cause why appellant should not make an accounting was issued and the matter was heard before the superior court on 11 July 1968. At the hearing appellant agreed to replace $12,000 in cash at a stated date and an additional $16,000 guardian's bond was fixed. The $12,000 and other monies, including interest, were later posted with the clerk of the court and paid over to the executor. A final accounting was reached and approved. On 10 September 1968 Mackey was discharged as guardian of the estate. Approximately nine months thereafter he was charged with and subsequently found guilty of seventeen counts of theft by embezzlement, A.R.S. § 13–681 et seq., committed between 6 July and 16 October 1967.

The gravamen of appellant's argument is that since he voluntarily returned the property prior to the complaint being laid before a magistrate, "he falls within the purview of the two statutes pertaining to restitution." The two statutes provide:

"A.R.S. § 13–685. *Intent to restore property as defense*

In a prosecution for theft by embezzlement, the fact that the accused intended to restore the property embezzled is not a defense or ground for mitigation of punishment, if the property has not been restored before a complaint has been laid before a magistrate charging the commission of the offense.

A.R.S. § 13–686. *Restoration of property as mitigation of punishment*

In a prosecution for theft by embezzlement, when prior to the time a complaint is filed with a magistrate charging commission of the crime, the person accused voluntarily and actually restores or tenders restoration of the property alleged to have been embezzled, or any part thereof, such restoration or tender is not a defense to the charge, but it authorizes the court to mitigate the punishment in its discretion."

Appellant asks us to find the statutes contradictory to the end that they do not effectively provide guides upon which an individual can base his future conduct and so violate the rule expressed in Connally v. General Const. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926):

"That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."

See also International Harvester Co. v. Kentucky, 234 U.S. 216, 34 S.Ct. 853, 58 L.Ed. 1284 (1914); Collins v. Kentucky,

234 U.S. 634, 34 S.Ct. 924, 58 L.Ed. 1510 (1914); State v. Cota, 99 Ariz. 233, 408 P.2d 23 (1965); 21 Am.Jur.2d Criminal Law § 17 (1965).

We believe that to find the statutes vague and contradictory we would necessarily have to interpret A.R.S. § 13–685 as making restoration a defense since A.R.S. § 13–686 unequivocally states that, "such restoration or tender is not a defense to the charge * * *." State v. Berry, 101 Ariz. 310, 419 P.2d 337 (1966).

Appellant's argument might have merit if we were interpreting A.R.S. § 13–685 alone. But related statutes must be considered in *pari materia*. Frazier v. Terrill, 65 Ariz. 131, 175 P.2d 438 (1946); State ex rel. Church v. Arizona Corporation Commission, 94 Ariz. 107, 382 P.2d 222 (1963). The object of this rule being to carry into effect the intention of the legislature. DuPont v. Mills, 39 Del. 42, 196 A. 168, 119 A.L.R. 174 (1937); Frazier, supra. Thus, we find no merit in appellant's reliance on Ehrenreich v. Fox Film Corporation, 198 App.Div. 10, 189 N.Y.S. 488 (1921) where language like that of A.R.S. § 13–685 was found to mean that restoration was a complete defense since there the court did not also have before it a counterpart to A.R.S. § 13–686.

The precise language of A.R.S. § 13–686 alleviates any doubts which may be created by A.R.S. § 13–685 standing alone. Read together, the statutes respectively provide: (1) That intended restoration of the property is not a defense nor is it to be considered in mitigation if there has been no actual restoration prior to the filing of the criminal complaint, and (2) if there has been a voluntary full or partial restoration or tender thereof, before the complaint is filed, it is still not a defense but is a factor the court may consider in mitigating the punishment. The Legislature is in effect saying that in Arizona the intent to permanently deprive the owner of his property is not an element of the crime of embezzlement.[1] See Hinds v. Territory, 8 Ariz. 372, 76 P. 469 (1904); Drake v. State of Arizona, 53 Ariz. 93, 85 P.2d 984 (1939).

The statutes in question were adopted from California and we therefore look with great interest to that jurisdiction. See West's Ann.Pen.Code, §§ 512, 513. In People v. Talbot, 220 Cal. 3, 28 P.2d 1057 (1934), the California Supreme Court interpreted these code provisions:

"* * * and the fact that such officers intended to restore the money or property is of no avail to them if it has not been restored before information laid or indictment found charging them with embezzlement (Pen.Code, § 512); and even if prior to the bringing of such charges the officers voluntarily and actually restore the property, such fact does not constitute a defense but merely authorizes the court in its discretion to mitigate the offense (section 513). It would seem that the Legislature here has shown in very clear terms that it is the immediate breach of trust that makes the offense, rather than the permanent deprivation of the owner of his property." 28 P.2d at 1062.

To aid his argument of ambiguity, however, appellant contends the California appellate court in People v. Kirwin, 87 Cal. App. 783, 262 P. 803 (1927) had interpreted section 512 as not providing that restitution was a complete defense "except under certain circumstances." We believe

---

[1] This conclusion logically follows from the definition of embezzlement set forth in A.R.S. §§ 13–681 and 13–682, as amended, which require accused to obtain possession or control of the property of another person by virtue of an existing trust relation between he and that person and a fraudulent appropriation, by accused, of the property to a use or purpose not in the due and lawful execution of the trust.

Drake v. State, 53 Ariz. 93, 85 P.2d 984 (1939); State v. McCormick, 7 Ariz. App. 576, 442 P.2d 134 (1968), vacated on other grounds, 104 Ariz. 18, 448 P.2d 74 (1968). The gist of the crime of embezzlement is a breach of trust not the intent to permanently appropriate. State v. Scofield, 7 Ariz.App. 307, 438 P.2d 776 (1968).

**420**

appellant has taken the following language in *Kirwin* out of context:

> "Appellant contends that this restitution was a complete defense to the charge upon which he was later committed, under the provisions of section 512 of the Penal Code * * *
>
> \* \* \* \* \* \*
>
> It will be observed, however, that this section does not provide that restitution is a defense, but that it is not a defense except under certain circumstances. The enactment must be read in connection with section 513 of the same Code, which is to the effect that, when all proper circumstances are present, the fact of restitution 'is not a ground of defense, but it authorizes the court to mitigate punishment, in its discretion.' " 262 P. at 804.

The quoted language is plainly contrary to appellant's position. See also People v. Kay, 34 Cal.App.2d 691, 94 P.2d 361, 363 (1939), " * * * the actual voluntary restoration of embezzled money or property 'prior to an information laid before a magistrate, or an indictment found by a grand jury' is declared to be '*not a ground of defense*, but it authorizes the court to mitigate punishment, in its discretion'." (Original emphasis); and People v. Colton, 92 Cal.App.2d 704, 207 P.2d 890, 893 (1949), "An agent of a corporation cannot take its money which has been entrusted to him or over which he has control as such agent and use it even temporarily for his own personal benefit and avoid criminal responsibility by calling it a loan * * *" And in People v. Williams, 145 Cal.App.2d 163, 302 P.2d 393, 395 (1956), "An intent to return it to the trust * * * or a later restoration would not affect the fact of a completed embezzlement."

 In short the California decisions simply do not support appellant's argument and Enrenreich, supra, and other cited New York decisions are not in point as those courts were not considering a second statute similar to A.R.S. § 13–686 or West's Ann.Pen.Code § 513. We are satisfied that the legislative intent is clear when the two Arizona statutes are read together. It is certain and unambiguous that neither intended nor actual voluntary restoration of embezzled property is a defense to the charge. The statutes leave no room for guessing or double meaning. Accordingly, we hold they are sufficiently clear to meet due process standards.

Affirmed.

KRUCKER, C. J., and LLOYD C. HELM, Superior Court Judge, concur.

NOTE: Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge LLOYD C. HELM was called to sit in his stead and participate in the determination of this decision.