[Crim. No. 1088. Department One.—June 28, 1904.]

## THE PEOPLE, Appellant, v. CHARLES B. WALKER, Respondent.

CRIMINAL LAW—EMBEZZLEMENT—INFORMATION—IMMATERIAL VARIANCE FROM COMMITMENT—IMPROPER RULING.—Where the defendant was committed upon a charge of embezzlement of property intrusted to him as bailee, an information charging him with the embezzlement of money intrusted to him as agent does not show a material variance or charge a different offense; and a ruling setting aside the information for said variance was improper.

ID.—"BAILEE"—"AGENT"—IDENTITY OF RELATION.—The terms "bailee" and "agent" are, with respect to the persons and property and the offense of embezzlement, but different names for the same relation. Every agent who, by virtue of his employment, receives the property of the principal, either from the principal or from a third person for him, is as to that property the bailee of his principal; and every bailee who receives money belonging to the owner, whether received from the owner or from a third person for the owner, is, for the purpose of its safe-keeping, an agent as well as a bailee.

APPEAL from an order of the Superior Court of El Dorado County setting aside an information. M. P. Bennett, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, J. C. Daly, Deputy Attorney-General, and C. E. Peters, District Attorney, for Appellant.

William C. Burgess, for Respondent.

SHAW, J.—This is an appeal by the plaintiff from an order of the court below setting aside the information.

The motion to set aside the information was made on the grounds that the defendant had not been legally committed, and that the offense charged in the information was not the same as that for which he was committed. The complaint on which he was arrested charged the defendant with the embezzlement of fifty-three dollars in money belonging to the Chicago Crayon Company, which had been theretofore by said company intrusted to the defendant "as bailee." Upon this charge the preliminary examination was held, and thereupon the defendant was committed for the crime of embezzlement charged in the said complaint or deposition. Upon this commitment the information in question was filed. It charges that at a certain time and place the defendant, "being then and there an agent of" the said company, did, "by virtue of his said employment, have, receive, and take into his possession" fifty-three dollars in money (describing it), "which was then and there the property of said company, and did then and there willfully, unlawfully, and feloniously embezzle and fraudulently convert and appropriate to his own use" the said money. The objection to the information is, that it charges the defendant with the embezzlement of fifty-three dollars received by him as agent, whereas the original complaint, to which the commitment refers, charged the embezzlement of the same sum of money alleged to have been intrusted to him as bailee, and it is claimed that the relation of bailee is different from that of agent, and hence that this constitutes a different offense, and is a departure not authorized by the code. Upon this ground the information was set aside.

Conceding the proposition that the information must follow the commitment and charge the same offense, or one necessarily included therein, the attorney-general contends that the information in question does not violate this rule. In this we think he is correct.

The offense charged in the information, though stated in slightly different language, is essentially the same as that for which the defendant was committed. Every agent who, by virtue of his employment, receives into his possession the property of his principal, is, as to that property, the bailee of his principal so long as the title to the property remains in

the principal, and every bailee who by the owner of property is intrusted with it is, for the purpose of its safe-keeping, the agent of the owner. It is immaterial whether the bailee receives the property directly from the owner or from third persons on behalf of the owner. In either case he is, in contemplation of law, intrusted with the property of the owner, and is an agent as well as a bailee. The two terms are, with respect to the persons and property and the particular offense here involved, but different names for the same relation. When, therefore, the information charged the defendant with embezzling money of the company received by him as its agent, and by virtue of his said employment, it did, in legal effect, charge him with embezzling money of the company intrusted to him as bailee by the company, which was precisely the crime described in the original complaint, and for which he was committed.

The court erred in granting the motion.

The order setting aside the information is reversed and the cause remanded for further proceedings on the information.

Van Dyke, J., and Angellotti, J., concurred.