[Crim. No. 143.    Third Appellate District.—July 6, 1910.]

In the Matter of the Application of PATRICK MULHOL-
LAND for Writ of Habeas Corpus.

HABEAS CORPUS — CONVICTION IN JUSTICE'S COURT — APPEAL TO SU-
PERIOR COURT—DISMISSAL.—Where a petition for a writ of *habeas
corpus* shows a conviction in the justice's court for violation of the
act of March 6, 1909 (Stats. 1909, p. 140), prohibiting the moor-
ing and anchoring of house boats in rivers and streams of the state
in certain limits, and avers that upon appeal to the superior court
the justice's judgment was affirmed, and that the validity of the
act was passed upon in the superior court, but shows no application
for the writ to the superior court, as required under Rule XXVI of
this court, and further shows that the appeal was dismissed by the
superior court for want of jurisdiction, without a trial upon the
merits, the writ must be denied.

ID.—APPLICATION BASED ON NONEXISTENT FACT.—Where the only fact
stated in the petition on which the writ of *habeas corpus* was orig-
inally asked for in this court is that the validity of the act was
fully heard and determined in the superior court, but the order made
by the superior court shows this not to be the fact, there is no
basis for the petition for the writ to this court.

APPLICATION for writ of *habeas corpus* to the sheriff of
Sacramento County.

The facts are stated in the opinion of the court.

W. A. Gett, for Petitioner.

E. C. Washhorst, District Attorney, for Respondent.

THE COURT.—In the above-entitled matter it appears that
petitioner was convicted in the justice's court of Sacramento
township, Sacramento county, for violating the act of the
legislature approved March 6, 1909 (Stats. 1909, p. 140), pro-
hibiting the mooring and anchoring of house boats in rivers
and streams of this state within certain limits.

It is averred in the petition for the writ that "the said
matter came on for hearing before the superior court of the
county of Sacramento, state of California, and after considera-
tion by the same the said judgment of the said justice court
was by the said superior court . . . upheld and affirmed."

It appears that no application or petition has been filed by the petitioner for a writ of *habeas corpus* in the said superior court. It appears also from the order of said court that when said appeal came on to be heard in said court the appeal was dismissed on the ground ''that there is no statement on motion for a new trial settled and filed by or with the justice of the peace or filed with this court as required by law, and . . . this court has absolutely no jurisdiction of this appeal.'' There was, therefore, no hearing upon the merits, and the real question at issue was not before the court, namely, the validity of the act called in question.

Rule XXVI [144 Cal. 1, 78 Pac. xi] provides that the application for the writ shall first be made to the lower court, unless circumstances are set forth in the application, such as the appellate court may deem sufficient to warrant the issuing of the writ originally from the appellate court.

The only fact here shown in the petition, on which the writ is asked for originally by this court, is that the matter was fully heard and determined by the lower court and the validity of the act of the legislature passed upon. The order of the lower court shows this not to be the fact.

The writ is denied.