[Crim. No. 903.  First Appellate District, Division One.—December 16, 1920.]

## THE PEOPLE, Respondent, v. C. VINCENT RICCARDI, Appellant.

[1] CRIMINAL LAW — EMBEZZLEMENT BY BAILEE — SUFFICIENCY OF INDICTMENT.—An indictment charging a defendant with the embezzlement of money entrusted to him as "bailee" is within the provisions of section 508 of the Penal Code—the word "bailee," for the purposes of the indictment, being synonymous with the term "agent," a bailee being a species of agent.

[2] ID.—PLEADING—PURPOSE OF BAILMENT IMMATERIAL.—In charging embezzlement by a bailee, under section 508 of the Penal Code, it is not necessary to allege the nature, purpose, or object of the bailment.

[3] ID.—CONFLICTING EVIDENCE—VERDICT.—In this prosecution for the embezzlement of a sum of money as bailee, while the evidence was conflicting and there was some evidence which, if believed, tended to corroborate the defendant in his contention that the money was paid to him as a fee, and not for the purpose of being deposited as bail money, the evidence introduced by the prosecution, and which was believed by the jury, was sufficient to sustain the verdict of guilty.

[4] ID.—CREDIBILITY OF TESTIMONY OF FELON—PROVINCE OF JURY.— The fact that the prosecuting witness had twice been convicted of a felony should have been given great weight by the jury in determining his credibility; but whether or not the testimony of that

witness with his felonious record was to be believed, as against the testimony of the defendant and other witnesses, was a question for the jury, who had an opportunity to observe all the witnesses.

[5] ID.—OBTAINING OF MONEY—USE OF BAIL ORDER—VALIDITY OF— GRAND LARCENY.—Where it was admitted that the money was obtained by the defendant through the instrumentality of an order for bail submitted to the prosecuting witness, and it was not shown that such order was forged or false, it could not successfully be contended that the evidence established the commission by defendant of grand larceny and not embezzlement.

[6] ID.—DELIVERY OF CHECK—RECEIPT OF CASH—CONVERSION.—Where a check was turned over to the defendant, and he cashed it, as it was intended he should do, he was the bailee, not only of the check, but of the cash; and when he thereafter converted the cash to his own use, he was guilty of embezzling that cash, and not the check.

[7] ID. — PROSECUTION UNDER SECTION 508, PENAL CODE — INSTRUCTIONS.—Where a prosecution for embezzlement by a bailee is conducted under section 508 of the Penal Code, the court is not required to give any instructions concerning embezzlement by a bailee predicated on section 507 of that code.

[8] ID. — LAWYER ACTING AS OWN ATTORNEY — STATEMENT OF ADAGE BY TRIAL JUDGE—ABSENCE OF HARM.—The defendant could not have been done any harm by the statement by the trial judge of the adage of lawyers that a lawyer who acts as his own attorney has a fool for a client, where the judge expressly disavowed any personal imputation to the defendant.

[9] ID.—PREPONDERANCE OF EVIDENCE—ERRONEOUS INSTRUCTION.—In a prosecution for embezzlement, an instruction to the effect that a preponderance of the evidence is sufficient to establish a fact favorable to the defendant's innocence is erroneous, in that it might mislead the jury into supposing that the defendant must establish his innocence by a preponderance of the evidence, and such an instruction should not be given, even when requested by the defendant.

[10] ID.—MISCONDUCT OF TRIAL COURT—DUTY OF COUNSEL—APPEAL. A trial judge is entitled, if it is the intention of counsel to rely upon an appeal on the conduct of the trial court, to have the alleged transgressions called to his attention, so that he may in a proper case, by an admonition to the jury or by some other suitable mode, immediately remove the prejudice possibly caused thereby.

---

5. Distinction between embezzlement and larceny, notes, 11 A. L. R. 801; 13 A. L. R. 319.

[11] ID.—STATEMENT OF PLEA TO JURY—RECITAL IN MINUTES—APPEAL
—PRESUMPTION.—Where the clerk's minutes of the trial contain
the words, "Thereupon an indictment was read and the plea stated
to the jury by the clerk," and the reporter's transcript after re-
citing that a jury had been selected and sworn, stated that the
clerk read the indictment, the appellate court must hold, in sup-
port of the verdict, that the clerk's version, showing that the plea
of the defendant was stated to the jury, is controlling.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco. Geo. A. Sturte-
vant, Judge. Affirmed.

The facts are stated in the opinion of the court.

Nathan C. Coghlan and J. J. Dunne for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan,
Deputy Attorney-General, for Respondent.

BEASLY, J., *pro tem.*—The defendant was found guilty
of embezzlement upon an indictment; was adjudged thereon
to be imprisoned in the state prison, and appeals from this
judgment and from an order denying his motion for a new
trial.

The indictment charges that the defendant Riccardi was
bailee of one Alberto Rolatti; that by virtue of his employ-
ment as such bailee there came into the possession, care,
custody, and control of him, the said Riccardi, one thou-
sand dollars in lawful money of the United States of
America and of the value of one thousand dollars in gold
coin of the United States of America, and of the personal
property of the said Alberto Rolatti, and that he, the said
Riccardi, "after the said personal property had come into
his possession, care, custody, and control, as aforesaid, did
then and there . . . willfully, unlawfully, fraudulently,
and feloniously convert, embezzle and appropriate the same
to his own use and to uses and purposes not in the due
and lawful execution of such trust as such bailee as afore-
said."

This indictment is attacked as not complying with the
provisions of section 507 or section 508 of the Penal Code,
upon one or the other of which, under the facts in evidence
and instructions of the court, the prosecution must of
necessity have based its theory of the case. The answer

to this contention is that the indictment is within the provisions of section 508 of said code, which reads as follows:

"Section 508. When clerk, agent or servant guilty of embezzlement. Every clerk, agent or servant of any person who fraudulently appropriates to his own use, or secretes with a fraudulent intent to appropriate to his own use, any property of another which has come into his control or care by virtue of his employment as such clerk, agent or servant, is guilty of embezzlement."

[1] It is true, as claimed, that the indictment charges the conversion by Riccardi as bailee, and that the term "bailee" is not found in section 508; but the word "bailee" is for the purpose of the indictment synonymous with the term "agent," a bailee being a species of agent. (*People* v. *Walker,* 144 Cal. 1, [77 Pac. 705].) "The offense charged in the information," says the court in that case, "though stated in slightly different language, is essentially the same as that for which the defendant was committed. Every agent who by virtue of his employment receives into his possession the property of his principal is, as to that property, the bailee of his principal so long as the title to the property remains in the principal, and every bailee of property who by the owner is entrusted with it is, for the purpose of its safekeeping, the agent of the owner. It is immaterial whether the bailee receives the property directly from the owner or from third persons on behalf of the owner. In either case he is, in contemplation of law, entrusted with the property of the owner, and is an agent as well as a bailee. The two terms are, with respect to the persons and property and the particular offense here involved, but different names for the same relation. When, therefore, the information charged the defendant with embezzling money of the company received by him as its agent and by virtue of his said employment it did, in legal effect, charge him with embezzling money of the company entrusted to him as bailee by the company, which was precisely the crime charged in the original complaint and for which he was committed."

The indictment contains all of the specifications necessary to charge the defendant under section 508 of the Penal Code, in view of the rules laid down in *People* v. *Gordon,* 133 Cal. 328, [85 Am. St. Rep. 174, 65 Pac. 746], and *People*

v. *Walker, supra.* Although they seem very technical we
will dispose of certain specific criticisms of the indictment.
It seems to us, for example, that the indictment sufficiently
alleges that the defendant was bailee of the one thousand
dollars, and that it also alleges with sufficient clearness
that this money was entrusted to Riccardi as bailee. [2]
It is not necessary to allege the nature, purpose, or object
of the bailment. (*People* v. *Goodrich,* 142 Cal. 216, [75
Pac. 796]; *People* v. *Gordon,* 133 Cal. 328, [85 Am. St. Rep.
174, 65 Pac. 746].) Says the court in the latter case: ''Stat-
ing that 'the property was entrusted to the defendant as
bailee' sufficiently shows a fiduciary relation, and it was
not necessary to allege the circumstances of the felonious
conversion, especially so in the absence of a demurrer.''

[3] The defendant claims that the evidence is not suffi-
cient to support the verdict; that there is in the record
only slight evidence supporting the charge of embezzlement.
He admits a conflict in the evidence, but contends that
the verdict finds support only in the evidence of Rolatti,
the prosecuting witness, and that as Rolatti was shown to
have been twice convicted of a felony his evidence is
discredited to such an extent as not to furnish more than
a slight proof of guilt. The evidence of Rolatti, if believed,
clearly establishes the guilt of Riccardi. It is simple and
may be briefly narrated: Rolatti was arrested for a
felony in March, 1918, and lodged in the city prison of
the city and county of San Francisco. He was presently
called to the reception-room of the prison and there met
Riccardi. Rolatti did not know Riccardi at all, but the
latter introduced himself as a lawyer, and told Rolatti
that the latter was in great trouble. After Riccardi had
advised Rolatti not to employ an American lawyer on the
ground that the latter would not be able to assist him, the
two agreed upon a fee of four hundred dollars for Riccardi
for his services in the latter's behalf. Rolatti had fifteen
hundred dollars in bank. Riccardi received all of the
fifteen hundred dollars of Rolatti's money. One thousand of
this was retained by Riccardi for the purpose of procur-
ing the release of Rolatti on bail, and was obtained upon
a representation of Riccardi, who informed Rolatti that he
could be liberated on bail in the sum of one thousand dollars
in cash. Rolatti had this sum on deposit in the bank.

Riccardi, under Rolatti's direction, obtained the latter's bank book from a suitcase belonging to Rolatti. Riccardi thereupon showed Rolatti what purported to be an order for bail signed by a police magistrate of the city and county of San Francisco. Thereupon Rolatti signed and delivered to Riccardi a blank check. Riccardi presented this check to the bank. When so presented it was filled out for one thousand dollars, and marked on the face in Riccardi's handwriting "Paid as fee." The check was cashed, and Riccardi did not use the money to procure the release of Rolatti on bail, but claimed at the trial that the one thousand dollars was paid as a fee and not as bail money. Riccardi kept the one thousand dollars and also the other five hundred dollars.

It is clear from the foregoing, if the jury believed the testimony, that the complaining witness Rolatti intrusted the one thousand dollars of his funds to the defendant for the sole purpose of being deposited as bail money. That it was never used for this purpose, but was appropriated by the defendant Riccardi, is conceded by the very nature of his defense, wherein he admits that he received fifteen hundred dollars from the complaining witness Rolatti, but contends that he so received it upon an understanding had with the complaining witness that it was to be his fee. There was certain testimony which, if believed, corroborated Riccardi in this contention. The jury, however, evidently rejected this evidence of the defense, and chose to believe that of the prosecuting witness to the effect that the money was not paid to the defendant Riccardi as a fee, but was delivered to Riccardi to be deposited as bail. There was also the evidence of circumstances, and some evidence arising out of the contradictory nature of the testimony of Riccardi, which tended to corroborate Rolatti. The evidence was sufficient, if believed by the jury, to sustain the verdict. It was the function of the jury to pass upon the weight of the evidence and the credibility of the witness Rolatti.

It is conceded by the appellant that there is a conflict in the evidence, and that upon such conflict this court will not interfere with the verdict of the jury where the evidence is substantial as contradistinguished from slight. [4] The fact that Rolatti had twice been convicted of a felony should have been given great weight by the jury in determining

his credibility; nevertheless, to the jury is left by the law in such case the question of determining whether or not the testimony of the witness with his felonious record was to be believed as against that of Riccardi and other witnesses. The jury saw the witness Rolatti; had an opportunity to observe the other witnesses; and upon the jury the law lays the burden of determining whether Rolatti or Riccardi should be credited. If any other rule obtained, the felon would be helpless against any rogue who might find himself in a position to swindle him. The evidence of Rolatti cannot be said to have been slight as a matter of law, and the question whether it should be believed was one for the jury. That body determined it against Riccardi, and he must abide that determination.

[5] The appellant also contends that the evidence, if believed, established the commission by him of grand larceny and not of embezzlement. This contention is based upon an admission that the defendant obtained the one thousand dollars through the instrumentality of a forged, false, and fictitious order admitting the latter to bail in the sum of one thousand dollars. No evidence was introduced, however, to show whether the paper, purporting to be an order for bail, submitted to Rolatti, was forged or false. Neither the justice whose name was attached to it, nor anyone else, was called to testify that such order, or the signature of the magistrate thereon, was false or forged. The paper itself was not in existence; and there is nothing whatever in the evidence to show or indicate that the order was not genuine.

[6] The appellant further contends, at least inferentially, that what he embezzled, if anything, was the check and not the cash. But he did with the check exactly what it was intended he should do; he cashed it; and the obtaining of the check was only a circumstance in the chain of facts. He embezzled, if anything, the cash and not the check. As to when the defendant formed the intent to convert the money to his own use, the evidence was quite sufficient to support the conclusion that it was after the money came into his possession that he formed and executed that intent. A similar construction was given to similar evidence in *People* v. *Gordon*, 133 Cal. 328, [85 Am. St. Rep. 174, 65 Pac. 746], and upheld by the supreme court.

The appellant argues that he was not the bailee of the money but only of the check, if anything. As the record above quoted shows, he obtained the money for a specific purpose. He was the agent of Rolatti to execute that purpose by depositing the money as bail, and as such he was the bailee of the money until it was deposited. He failed to so deposit it; he converted it to his own use, and claims it was paid as a fee, a claim which the jury discarded. He was the bailee under such circumstances not only of the check, but of the money. (*People* v. *Walker, supra.*)

[7] It is contended that the instructions in the case were incorrect because the court, so it is said, did not instruct the jury concerning embezzlement by a bailee, nor give any instructions predicated on section 507 of the Penal Code, defining embezzlement by a bailee. The contention of the appellant that the court did not instruct the jury relative to the contents of section 507 of the Penal Code falls to the ground, for, as has been said, the prosecution must be taken to have been conducted under section 508 of said code.

[8] It is claimed that the trial judge committed prejudicial misconduct in stating that a lawyer who acts as his own attorney has a fool for a client. The statement of this adage of lawyers, which has in it as much of truth as of humor, could have done the defendant no harm, because the judge expressly disavowed any personal imputation of folly to the defendant.

[9] The refusal of the court to give the instruction offered by the defendant, that a preponderance of the evidence is sufficient to establish a fact favorable to the defendant's innocence, was not error. In the first place, the proposition as stated might have misled the jury into supposing that the defendant must establish his innocence by a preponderance of the evidence; whereas all that was necessary to his acquittal was that the evidence, taken as a whole, should leave a reasonable doubt in the minds of the jury as to his guilt. Courts should be careful of giving such instructions, even when requested by the defendant. The court, upon the other hand, clearly instructed the jury with emphasis that the defendant need prove nothing; that all presumptions were in his favor, and that every fact necessary to a conviction must be established by the people

beyond a reasonable doubt. This was all that should have been given in the way of instructions.

The other strictures upon the conduct of the trial judge are not such, we think, as to call for comment. If they were, there is no record of any exception to them; or if there is such record, our attention has not been called to them, and no request was made of the court to instruct the jury to disregard them. [10] A trial court is entitled, if it is the intention of counsel to rely upon an appeal on the conduct of the trial court, to have the alleged transgressions called to the trial judge's attention, so that he may in a proper case, by an admonition to the jury or by some other suitable mode, immediately remove the prejudice possibly caused thereby.

[11] It is finally contended that the plea of the defendant was not stated to the jury. The clerk's minutes of the trial contain these words: "Thereupon an indictment was read and the plea stated to the jury by the Clerk." In the reporter's transcript the following appears:

"A jury having been selected and sworn to try the case, the following proceedings were had:

"Clerk, to the Court: Shall I read the indictment, your honor?

"The Court: Yes.

"The Clerk thereupon read the indictment."

Under the circumstances, in support of the verdict, we must hold that the clerk's version, showing that the clerk's duty was properly performed, is controlling.

The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 14, 1921.

All the Justices concurred.