[Civ. No. 4500. Second Appellate District, Division One.—September 7, 1923.]

IDA WRIGHT JONES, Petitioner, v. ASA KEYES, etc., Respondent.

[1] SUPREME COURT — RULES — MANDAMUS. — The necessary inference from rule xxvi of the supreme court that when an application is made to the supreme court or a district court of appeal for a

---

1. Original jurisdiction of state court of last resort to issue writ of *mandamus,* note, 20 Ann. Cas. 184.

Restrictions and limitations of jurisdiction in *mandamus* proceedings, notes, 58 L. R. A. 855; 38 L. R. A. (N. S.) 1000.

writ of *mandamus,* and such application might have been lawfully made to a lower court in the first instance, the petition shall set forth the circumstances which, in the opinion of the applicant, render it proper that the writ should issue originally from the court to which such application is made, and not from such lower court, is that if the stated circumstances do not furnish a proper reason for not making the application to the lower court, the supreme court or the district court of appeal, in the exercise of its appropriate discretion, will decline to issue the writ.

[2] ID. — MANDAMUS — APPLICATION TO DISTRICT COURT OF APPEAL — REASON FOR—INSUFFICIENCY OF PETITION.—The making of application to the district court of appeal, instead of the superior court, for a writ of mandate to compel a district attorney to restore the petitioner to a certain position and to certify her name to the Civil Service Commission of the county for the payment of her salary, is not justified by facts alleged in the application showing that in an action commenced by the petitioner in the superior court to compel the district attorney to do the things stated, an alternative writ was issued; that upon a hearing thereof, a nonsuit was granted by said superior court without findings having been made or signed; that the time for appeal from the order granting a nonsuit has expired, and that application is made to the district court of appeal for the reason that her case has never been tried or determined upon its merits, and for the further reason that a further application to said superior court would be useless and of no effect.

APPLICATION for Writ of Mandate to compel the District Attorney of Los Angeles County to certify the name of petitioner to county Civil Service Commission for payment of salary, and to restore her to a certain position. Application denied.

The facts are stated in the opinion of the court.

A. J. Bledsoe for Petitioner.

Asa Keyes for Respondent.

CONREY, P. J.—Petitioner asks for a writ of mandate commanding respondent, as district attorney, to certify to the county Civil Service Commission of the county of Los Angeles the name of petitioner as one entitled to a stated salary claimed by her for services as juvenile investigator in the department of the district attorney of said county, and to command the respondent to admit the petitioner to

the use and enjoyment of her right to perform the duties of said office of juvenile investigator.

It is alleged in the petition that in January, 1923, petitioner commenced an action in the superior court of Los Angeles County for a writ of mandate directed against Thomas Lee Woolwine, then district attorney of said county, to compel said district attorney to restore her to her said position and to certify her name to the Civil Service Commission of said county for the payment of her salary; that an alternative writ of mandate was issued out of said court; that upon the hearing thereof a nonsuit was granted by said superior court, and that said action was never heard or determined upon its merits; that findings were never made or signed by said court, but that said action was disposed of by the granting of a nonsuit; that the time for appeal from said order granting a nonsuit has expired, and petitioner now makes this application to this court for the reason that her case has never been tried or determined upon its merits, and for the further reason that a further application to said superior court would be useless and of no effect.

It is provided by rule xxvi of the supreme court (176 Pac. vii) that when an application is made to the supreme court or a district court of appeal for a writ of *mandamus,* and such application might have been lawfully made to a lower court in the first instance, the petition shall set forth the circumstances which, in the opinion of the applicant, render it proper that the writ should issue originally from the court to which such application is made, and not from such lower court.

[1] The necessary inference from such rule is that if the stated circumstances do not furnish a proper reason for not making the application to the lower court, the supreme court or this court, in the exercise of its appropriate discretion, will decline to issue the writ. (*In re Mulholland,* 13 Cal. App. 734 [110 Pac. 585]; *Matter of Application of Burt,* 17 Cal. App. 309 [119 Pac. 674]; *Wood* v. *Board of Fire Commrs.,* 50 Cal. App. 593 [195 Pac. 739].)

[2] It is our opinion that the facts stated in this petition do not furnish a sufficient reason to excuse petitioner from applying to the superior court for the demanded writ. Assuming that her cause of action as pleaded in the su-

perior court was in all substantial respects identical with the cause of action stated in her present petition, it may be that the evidence at the hearing before the superior court was not the same as the evidence which she would now be able to produce. Her own statement in this petition that her case has never been tried or determined upon its merits contradicts her additional statement or conclusion that a further application to that court would be useless. It is quite likely that issues of fact would arise in the case upon which evidence would have been taken in the usual manner. We think that where no sufficient reason appears for a different course to be taken, such cases should be heard in the superior court, which is well equipped for the trial of issues of fact. The constant pressure of other business of the court makes it inadvisable that we should encourage the bringing of such proceedings originally in this court, unless it appears that the public interest or fact of inadequacy of the remedy in the superior court justifies us in allowing an exception to the usual practice.

The petition is denied, without prejudice to the right of petitioner to institute a similar proceeding in the superior court.

Curtis, J., concurred.

Houser, J., absent.