[No. 21064. Department Two.—May 31, 1894.]

THE PEOPLE, RESPONDENT, v. C. H. WYMAN, APPELLANT.

CRIMINAL LAW—EMBEZZLEMENT—PROOF OF FRAUDULENT CONVERSION ESSENTIAL.—In order to warrant the conviction of a defendant charged with embezzlement it is necessary for the people to prove that he had, before the date of the complaint for his arrest for the offense, fraudulently converted to his own use the money alleged to have been embezzled.

ID.—EVIDENCE—FAILURE TO APPLY MONEY AFTER ARREST.—The failure of the defendant to apply the money as directed after his arrest must be

disregarded in considering the question of his guilt or innocence of the crime charged, and is inadmissible in evidence.

ID.—INSUFFICIENT PROOF OF FRAUDULENT CONVERSION.—The fact that the defendant neglected up to the time of his arrest to cash orders sent to him to pay for land to be purchased from the government, and, that when arrested he did not have on his person all of the money intrusted to him for that purpose, and did not offer to account for the same, are insufficient to prove that he had fraudulently appropriated the money to his own use prior to the filing of the complaint upon which he was arrested.

ID.—ATTORNEY AND CLIENT—MONEY INTRUSTED TO PAY FOR GOVERN-MENT LAND—UNEXPIRED TIME FOR PAYMENT.—Where money was sent by a client to his attorney to be paid over to the proper officer, within the time allowed by law and the practice of the United States land office, so as to preserve the right of the client to purchase land from the United States for which she had applied, and the time within which to make such payment had not expired when the defendant was arrested, nor until after the information against him was filed, and no demand had been made upon the attorney either to return the money to the client, or to make immediate payment into the United States land office, the attorney is not guilty of the crime of embezzlement, nor of a fraudulent conversion of the money.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*James H. & J. E. Budd,* and *F. H. Gould,* for Appellant.

*Attorney General W. H. H. Hart,* and *Deputy Attorney General Charles H. Jackson,* for Respondent.

DE HAVEN, J.—This is an appeal by the defendant from a judgment convicting him of the crime of embezzlement, and also from an order denying his motion for a new trial.

The defendant was acting as the attorney for the prosecuting witness, Mrs. Annie Philp, in a contest before the United States land office involving her right to enter and purchase from the United States 160 acres of timber land. The case was finally adjudged in her favor, and the defendant as her attorney was notified of the fact by the register or receiver of the United

States land office at Stockton on August 17, 1893, and was also further notified that the prosecuting witness would be allowed sixty days from that date, that is, until October 16, 1893, within which to make payment at that office for the land referred to in the notice. On the same day the defendant informed the prosecuting witness by letter of the result of the contest, and also requested her to send him $420 with which to make the required payment. In this letter he said: "Send at once, and it will go up with this month's returns, and your patent will come that much quicker." On August 28, 1893, the prosecuting witness sent to defendant from her home in Mariposa county a registered letter inclosing $233 in United States gold and legal tender notes, and an order on Scholle Brothers, San Francisco, for $103.75, and an order on the United States treasury for $83.33, making in all the sum requested by defendant. This letter and its contents were received by the defendant on August 31, 1893, and on the day following he went to Oakland in the adjoining county of Alameda, and there remained until September 12, 1893, when he returned to Stockton, where he was arrested the next morning upon the charge of embezzlement, which is the subject of this prosecution. At the time of his arrest there was found on his person the order on Scholle Brothers for $103.75, a bank note and a United States legal tender note for $20 each, and four or five dollars in coin. The defendant's office and the United States land office at Stockton are in the same building. No demand was ever made upon defendant for the return of the money, and the prosecuting witness never had any communication with him in reference to it, or the business of entering her land, after sending him the money, and he never gave any explanation whatever as to the cause of his failure to cash the order on Scholle Brothers and his neglect to make payment for the land. The information in this case, which was filed October 3, 1893, charges the defendant with having, on or about August 31, 1893, embezzled the $233 in money intrusted

to him by his client, Mrs. Philp.   The trial was had on October 20th of the same year, and up to that date the defendant had never paid for the land, or offered to return the money intrusted to him for that purpose.

The foregoing is in substance a statement of all the evidence in the case, and in our opinion it is not sufficient to justify the verdict.   The complaint charging the defendant with the crime named in the information was laid before the magistrate, and the defendant arrested therefor, as early as September, 13, 1893, and, in order to warrant the conviction of defendant, it was necessary for the people to prove that he had before that date fraudulently converted to his own use the money alleged to have been embezzled by him, and the evidence does not show this.

In considering the question of defendant's guilt or innocence of the particular crime with which he is charged, his failure to make payment for the land after his arrest must be disregarded.   That fact has no tendency whatever to show that defendant, prior to the filing of the information, converted the money therein referred to, and was improperly admitted in evidence. The only other facts relied upon to sustain the verdict are: 1. That defendant neglected up to the time of his arrest, a period of thirteen days, to cash the orders sent him and to pay for the land which his client desired to purchase from the government; and, 2. That when arrested he did not have on his person all of the money which had been intrusted to him for the purpose of making such payment, and did not offer to account for the same.   These facts are clearly insufficient to prove that defendant had fraudulently appropriated the money of the client to his own use prior to the filing of the complaint upon which he was arrested.   The fact that he did not have upon his person all of the money sent to him by his client was not of itself sufficient to justify the jury in finding or believing that he had fraudulently appropriated such money to his own use before his arrest, because such fact is not necessarily

inconsistent with the fact that he may still have retained such money under his control, or subject to his order. The circumstance, to say the least, is inconclusive, affording only slight, if any, ground for suspicion, and is not strengthened by the other evidence in the case. Nor can the failure of the defendant to pay for the land prior to his arrest be regarded as a conversion by him of his client's money, much less as evidence of the fraudulent appropriation of such money to his own use. The money was sent to him to be paid over to the proper officer within the time allowed by law and the practice of the United States land office, so as to preserve the right of the client to purchase the land for which she had applied. The time within which to make such payment had not expired when defendant was arrested, nor until after the information against him was filed. In saying this we have not overlooked the fact that the defendant, in his letter of August 17th, requested the witness to send him the money immediately, and, in effect, promised if she would do so to pay for the land during that month, so that its receipt would be noted in the official return of the United States receiver for that month, and, if she had complied with this request, perhaps it could be said that the defendant received the money under an agreement to pay it over during that month; but the prosecuting witness did not send him the money in time to make the payment during that month, and, in remitting, she gave no special direction as to the time when the defendant was to pay for the land.

Under these circumstances she must be deemed to have intrusted the money to defendant as her attorney to make payment for the land within the time allowed by the law and practice of the United States land department for that purpose, and so as to fully preserve her rights. The prosecuting witness never gave any different direction as to the time when the business should be transacted, and never made any demand for the money. It is very clear that, under these facts, the client could

not, at the time of the filing of this information, have maintained a civil action against defendant for the recovery of the money so intrusted to him, and with much greater reason can it be said that such facts are not sufficient to show a fraudulent conversion or embezzlement of such money by the defendant. The rule applicable to this case is correctly stated in *Fitzgerald* v. *State*, 50 N. J. L. 475, as follows: "When the owner of goods which have been intrusted to another seeks redress for their conversion in a civil action, he is compelled to establish the fact of conversion by proof of the exercise of some dominion over the goods inconsistent with the right of the true owner. Proof that the owner had demanded the goods, and that the person in possession had refused to return them, is accepted as evidence of conversion; but mere neglect to return, in the absence of a demand, has never been admitted as proof of conversion. Still less will the mere neglect to pay over proceeds lawfully received prove a fraudulent conversion thereof."

If a demand had been made upon the defendant, either to return the money to his principal, or to make immediate payment into the United States land office, and he had refused, or, if the time when, under the terms of his employment, he was to make such payment, had expired at the time of his arrest, and there was no satisfactory explanation of the default of the defendant, in returning the money or in making payment for the land as directed, the case would be different, but upon the facts disclosed by this record, the defendant was improperly convicted.

Judgment and order reversed.

BEATTY, C. J., and McFARLAND, J., concurred.