## THE PEOPLE *v.* QUEVEDO.

### APPEAL from the District Court of Aguadilla.

No. 152.—Decided February 8, 1909.

BILL OF EXCEPTIONS—STATEMENT OF FACTS.—When in a criminal case no bill of exceptions, statement of facts, or brief has been presented, the court of appeal can only pass upon the complaint and the judgment.

PECUNIARY PUNISHMENT—IMPRISONMENT IN DEFAULT OF PAYMENT—COSTS.— In making the computation of the amount of the pecuniary punishment for the purpose of imposing imprisonment for default of payment, the district courts must not take into consideration the amount of the costs, and the alternative imprisonment should not exceed one day for each dollar of the fine imposed.

EMBEZZLEMENT—FIDUCIARY RELATION.—To constitute the offense of embezzlement it is necessary that the complaint should clearly set out the existence of a fiduciary relation between the accused and the prosecutor.

The facts are stated in the opinion.

Appellant did not appear.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The appellant herein was prosecuted in the municipal court of Aguadilla for embezzlement, a charge founded on the following complaint filed in said court to wit:

"I, Manuel Rosario, resident of Aguadilla on San Carlos Street, and 32 years of age, file this complaint against Randolfo Quevedo for the crime of embezzlement, committed in the following manner: That on the 25th of July last, in the ward of 'Iglesia' of the municipal district of Aguadilla, the defendant Randolfo Quevedo went to the house of the complainant and asked the complainant if it was true that he was selling a phonograph, and Manuel Rosario having answered in the affirmative, the accused requested him to deliver the phonograph to him stating that a certain Girard from Isabela wanted to buy it; that the deponent believing that the accused was speaking the truth gave the apparatus to the accused and told him that he was not willing to sell it for less than $20, the accused being bound to bring the money to Rosario on next day, which he has not done up to the present time,

and inasmuch as the accused has disposed of the phonograph in an illegal and malicious manner I file this complaint against him. Witnesses: Juan López and Hilario Acevedo. The phonograph worth $35. (Signed) Manuel Rosario, Complainant. Sworn to before me to-day the 19th of August, 1908. (Signed) Ernesto Echevarría, Secretary of the Municipal Court of Aguadilla.''

On conviction the defendant appealed the case to the District Court of Aguadilla and in said court was again found guilty and was fined fifty dollars ($50) and sentenced to pay same, in default thereof to be imprisoned for two months. From this judgment he appealed to this court. There is no statement of facts, bill of exceptions nor brief found in the record on behalf of the appellant. So we have only the complaint and the judgment on which to found our decision.

It is clear that the alternative imprisonment is greater than the term allowed by law as it has been frequently decided by this court that the costs are not to be considered in making the computation of the amount of the pecuniary punishment and that the alternative imprisonment should not exceed one day for each dollar of the fine imposed. Then 50 days' imprisonment would be the limit in this case. See the following cases decided by this court, to wit: *The People of Porto Rico* v. *Rafael Laviosa,* 13 P. R. Rep., 203; *The People of Porto Rico* v. *Manuel M. del Toro,* 13 P. R. Rep., 218; and *The People of Porto Rico* v. *Angel Maldonado,* 13 P. R. Rep., 248. It is strange that these decisions, rendered by this court more than a year ago, should have escaped the notice both of the *fiscal* and of the judge of the court below.

But a demurrer was interposed to the complaint on the ground that the facts therein stated would not constitute the offense of embezzlement but only of false representation. If this objection is well taken the judgment must be set aside and the case dismissed. By reference to the case of *The People of Porto Rico* v. *Juan Bautista García,* 11 P. R. Rep.,

341, it will be seen that in the opinion rendered by Mr. Justice Figueras, this court says:

"Now then, from a careful examination of the complaint which has been presented for the crime of embezzlement which is defined in article 445 of the Penal Code, we find that such complaint does not contain the essential requirements for the commission of such a crime; that is, a person who deserved the trust of the complainant for which cause the complainant deposited properties with him, even if it was for a moment, and that such receiver made use of said properties in a fraudulent manner, for his own benefit.

"It being thus understood by the Supreme Court of California, which court has stated in the case of *People* v. *Gordon,* 133 Cal., 328, that:

" 'The essential elements of the offense of embezzlement are the fiduciary relation which arises where one intrusts property to another and the fraudulent appropriation thereof by the latter.'

"The facts of the complaint which we are examining now do not contain such circumstances.

"Therefore, in this case there is a defect which appears from the record and prejudices the substantial rights of the appellant and we are authorized by the law to reverse in these cases the judgments pending before this court on appeal."

The complaints in the two cases are very similar and we regard the case cited as settling the one at bar. The complaint should clearly set out the fiduciary relation existing between the accused and the prosecutor to constitute the offense of embezzlement. For the reasons given the complaint in this case is insufficient and the judgment rendered in the court below should be reversed and the case dismissed.

*Reversed.*

Justices Hernández, Figueras and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.