EL PUEBLO, DEMANDANTE Y APELADO, *v.* COLÓN, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por abuso de confianza.

No. 788.—Resuelto en mayo 24, 1915.

ABUSO DE CONFIANZA—RELACIÓN FIDUCIARIA—FALSA REPRESENTACIÓN—SENTENCIA CONDENATORIA.—Si en la denuncia no se alega claramente la relación fiduciaria, si los hechos alegados plenamente demuestran la existencia de una simple transacción comercial que únicamente lleva consigo una responsabilidad civil, o hasta un hurto con arreglo a la ley común, o la obtención de dinero mediante falsas simulaciones, o cualquier otro delito menos el de abuso de confianza, entonces indiscutiblemente que una sentencia condenatoria no puede subsistir.

Id.—Denuncia Suficiente—Elementos Esenciales del Delito.—En el presente
caso la denuncia imputa al acusado que voluntaria, maliciosa y fraudulen-
tamente habiéndosele dado uua caja de hierro de guardar caudales para que
la vendiera valorada en $32, para hacerlos efectivos al denunciante tan pronto
efectuara la venta, no lo verificó así y vendió la referida caja a Ramón
Colón, vecino de la calle de la Unión, en la suma de $18, los que se apropió
para él y dispuso de ellos en su beneficio, defraudando así los intereses del
denunciante, *se resolvió:* que contiene todos los elementos esenciales del delito
de abuso de confianza.

Id.—Examen de las Pruebas—Confirmación de la Sentencia.—Examinada la
prueba en este caso, es ampliamente suficiente para sostener la sentencia
condenatoria, por lo que fué confirmada.

Los hechos están expresados en la opinión.

Abogado del apelante: Sres. *Tizol & Campillo.*

Abogado del Pueblo: Sr. *Salvador Mestre, Fiscal.*

El Juez Asociado Sr. Hutchison, emitió la opinión del
tribunal.

El apelante fué declarado culpable primero en la Corte
Municipal de Ponce y luego al celebrarse el juicio *de novo,*
en la Corte de Distrito de Ponce, a virtud de la siguiente
denuncia:

"Corte Municipal de Ponce, P. R.　　Estados Unidos de América.
El Presidente de los Estados Unidos. *El Pueblo de Puerto Rico* v.
*Ovidio Colón, Jr.* Yo, Medardo Rodríguez, vecino de Ponce, calle
Mayor Cantera, No. 53, de 35 años, formulo denuncia contra Ovidio
Colón, Jr., por delito de abuso de confianza, cometido de la manera
siguiente: Que en 5 del mes de diciembre del año 1913, y en la calle
Mayor, Cantera de Ponce, del Distrito Judicial Municipal de Ponce,
P. R., el citado Ovidio Colón, Jr., voluntaria, maliciosa y fraudu-
lentamente, habiéndole dado una caja de hierro de guardar caudales
para que la vendiera, valorada en treinta y dos pesos para hacérme-
los efectivos tan pronto efectuara la venta, no lo verificó así y ven-
dió la referida caja a Ramón Colón, vecino de la calle Unión, en la
suma de diez y ocho pesos, los que se apropió para él y dispuso de
ellos en su beneficio, defraudando así mis intereses. Como este hecho
es contrario a la ley para tal caso prevista, lo denuncio ante esa hono-
rable corte, a los fines pertinentes, etc."

Los fundamentos del recurso según han sido consignados
en el alegato del apelante, son los siguientes:

"*Primero.* Que los hechos relatados en la denuncia no son cons-
titutivos de delito.

"*Segundo.* Que en todo caso los hechos relatados en la denuncia
podrían ser constitutivos de un delito de falsa representación y no
de abuso de confianza.

"*Tercero.* Porque la sentencia es contraria a la prueba."

En apoyo de los dos primeros motivos el apelante cita
los casos de *El Pueblo* v. *García,* 11 D. P. R., 355; *The Peo-
ple* v. *Gordon,* 133 Cal., 328, y *El Pueblo* v. *Quevedo,* 15
D. P. R., 74. Ninguno de estos casos sostiene una u otra pro-
posición. En el caso de *El Pueblo* v. *García,* el denunciante
entregó al acusado un corte de dril permitiéndole que lo lle-
vara a su casa para examinarlo, pero con la condición de que
el acusado pagaría seguido su importe, o lo devolvería inme-
diatamente. En el caso de California se sostiene que una
acusación "en la que se alega que la propiedad quedó con-
fiada al acusado como depositario, mostraba suficientemente
una relación fiduciaria," y se citan decisiones anteriores las
cuales se pronuncian en igual sentido. En el caso de Quevedo
se alegaba en la acusación que "el acusado Randolfo Quevedo
se presentó en la casa del denunciante manifestándole que
si era cierto que el deponente vendía un fonógrafo, y como
Manuel Rosario le contestara en sentido afirmativo, el acu-
sado le dijo que se lo entregara para llevárselo a un tal Girard
de Isabela que lo quería comprar; que el deponente en la
creencia de que el acusado le decía verdad le entregó el fonó-
grafo diciendo que no lo daba en menos de $20, quedando el
acusado comprometido a traerle el dinero al siguiente día,
sin que hasta la fecha lo haya verificado; y como quiera que
el acusado ha dispuesto del fonógrafo ilegal y maliciosamente
lo denuncio en forma para lo que proceda." Se interpuso
una excepción a la denuncia fundada en que los hechos que
en ella se expresaban no constituían el delito de abuso de
confianza, sino el de falsa representación. Refiriéndonos al
caso de *El Pueblo* v. *García,* en dicho caso este tribunal de-

claró que en la denuncia no se expresaba la relación fiduciaria con bastante claridad para constituir el delito de abuso de confianza. Pudo haber citado el apelante otro caso resuelto el mismo día que el de Quevedo y que también lleva por título *El Pueblo* v. *Quevedo,* 15 D. P. R., 73, en el cual se imputó al acusado el delito de falsa representación e impostura habiendo sido declarado culpable de abuso de confianza, en cuyo caso este tribunal igualmente resolvió que los hechos alegados no mostraban relación fiduciaria alguna, y, por tanto, no podía basarse en ellos una sentencia condenatoria por el delito de abuso de confianza.

Según se considera esta cuestión en el caso de California, en él se sostiene enteramente la denuncia que ha sido formulada en este caso. Los demás casos citados son tan enteramente distintos en cuanto a los hechos que sería más que superfluo seguir discutiendo la cuestión. Si en la denuncia que ha sido sometida a nuestra consideración no se alegó claramente la relación fiduciaria, si en ella se expresaban los hechos como han sido referidos por el acusado, si los hechos alegados plenamente demostraban la existencia de una simple transacción comercial que únicamente llevaba consigo una responsabilidad civil, o hasta un hurto con arreglo a la ley común, o la obtención de dinero mediante falsas simulaciones, o cualquier otro delito menos el de abuso de confianza, entonces indiscutiblemente que no podía subsistir la sentencia condenatoria. Pero tal no es el caso de autos.

No es necesario que consideremos en toda su extensión los hechos alegados en la denuncia. Raramente encontramos en un caso de *misdemeanor* ante una corte municipal semejante exposición clara, concisa y completa de todos los elementos esenciales de un delito. La introducción formal, las palabras relativas a la intención criminal, entrega de la propiedad, su valor, objeto, términos y condiciones de dicha entrega, la relación fiduciaria, infracción de ésta, apropiación,

ilegal, fraude, conclusión acostumbrada, todos estos elementos pueden compararse favorablemente a los de cualquier acusación en un caso ordinario por delito de *felony*. No existe el más remoto indicio de haberse hecho una venta al acusado, condicional o en otra forma, ni de ninguna falsa representación o simulación por parte de dicho acusado, o de la comisión de un hurto según la ley común, o algún otro delito en contraposición al delito estatutorio por el cual se le acusó.

Los dos primeros fundamentos de error alegados por el apelante son por tanto enteramente insostenibles.

El tercer fundamento de error ha sido formulado por el apelante en su alegato hábil y formalmente. Varias circunstancias que aparecen de la faz de los autos dan cierto color y grado de credibilidad a la narración que el acusado hace de los hechos de este caso. Hay también motivo para que exista la sospecha más o menos remota de que si el acusado hubiera estado representado por abogado en la corte inferior quizás si hubieran podido ponerse de manifiesto por medio de ciertos testigos otros hechos de naturaleza circunstancial, tendentes a corroborar la declaración del acusado; pero esta corte sólo puede tener en cuenta las pruebas practicadas y no las que pudieran practicarse. Esto es lo más que puede decirse en cuanto a este aspecto del caso.

Dos juicios tuvieron lugar ante jueces distintos que oyeron las declaraciones según salían de boca de los testigos, habiendo llegado ambos a la misma conclusión después de considerar toda la prueba y fuera de toda duda razonable en lo que respecta a la verdadera culpabilidad del acusado. La prueba es ampliamente suficiente para sostener la sentencia, por lo que debe ésta ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.