PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* FABRICIANO VÉLEZ-POSADA, Defendant and Appellant.

No. 3265. Argued March 6, 1928.—Decided March 21, 1928.

*R. Sancho Bonet* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On a complaint made by Rafael Ignacio Gómez, Fabriciano Vélez Posada was charged with the offense of embezzlement in that, wilfully and fraudulently, he appropriated a desk and a typewriter belonging to the Consulate of the Republic of Colombia in San Juan, which property had been confided to his custody when he was acting as consul of Colombia in Porto Rico.

He pleaded that the information did not charge him with the commission of a public offense and that plea was overruled. The case then went to trial and after hearing the evidence the court found him guilty and sentenced him to pay a fine of $25, or in default thereof to one day in jail for each dollar not paid. He appealed to this court and assigns in his brief two errors.

The first assignment is that the information did not charge a public offense, citing the following jurisprudence of this court:

"The complaint should clearly set out the fiduciary relation existing between the accused and the prosecutor to constitute the offense of embezzlement." *People* v. *Quevedo,* 15 P.R.R. 69.

From the wording of the information it is evident that there is a fiduciary relationship between the defendant and the Republic of Colombia; but the appellant contends that as there is no fiduciary relationship between the accused and the complainant, there is no offense.

We do not agree. The person of the complainant is immaterial in offenses of this kind. What is important is that the act imputed constitutes the offense intended to be charged, and here the act committed clearly constitutes embezzlement, for the property alleged to have been fraudulently appropriated by the defendant was under his custody as consul of his nation in Porto Rico.

It is true that in the syllabus of the *Quevedo Case, supra,* mention is made of the fiduciary relation between the accused and the complainant, but that is an error arising undoubtedly from the fact that in that case the aggrieved and the complainant were the same person. The jurisprudence of the case, or rather the *Quevedo* cases, for there are two, one reported at page 69 and the other at page 72 of volume 15 of the Porto Rico Reports, is based on the jurisprudence laid down in *People* v. *Garcia,* 11 P.R.R. 341, which in turn followed that of the Supreme Court of California in *People* v. *Gordon,* 133 Cal. 328, as follows: ''The essential elements of the offense of embezzlement are the fiduciary relation which arises where one intrusts property to another, and the fraudulent appropriation thereof by the latter.''

The second error assigned reads as follows:

''The lower court erred in convicting the defendant of embezzlement when he pleaded in his defense and proved at the trial that he had appropriated the said property openly by virtue of a title claimed in good faith, he having acquired it with his own money, as shown to the court.''

Section 452 of the Penal Code is cited, reading as follows:

''Upon an information for embezzlement, it is a sufficient defense that the property was appropriated openly and avowedly, and under

a claim of title preferred in good faith, even though such claim is untenable. But this provision does not excuse the unlawful retention of the property of another to offset or pay demands held against him.''

Although the documentary evidence has not been brought up in due form because it has been done without the intervention of the trial judge and, therefore, can not be considered, yet the oral evidence is so clear and complete that it enables us to form a definite opinion.

As has been said, the defendant was the consul of Colombia in Porto Rico. The complainant had been appointed in his place. An inventory was made of the property of the consulate delivered by the former to the latter. As no inclusion was made in that property of any desk or typewriter, the new official made inquiries and the out-going consul answered that those were his own personal property. The new consul learned on further investigation that the defendant had included in a former inventory the desk and the typewriter as property of the consulate and then arose the conflict which resulted in the complaint, the prosecution and the judgment of conviction.

The complainant admitted in his testimony at the trial that the defendant openly appropriated to himself the desk and the typewriter.

It was clearly shown that they had been bought by the defendant. The defendant had no salary as consul. He received a part of the fees collected, the other part going to the Republic of Colombia. It seems that the defendant rendered no accounts and on the occasion of a visit to his consulate by the Inspector of Consulates he included in an inventory the desk and the typewriter, charging their purchase price to the account of the share belonging to his nation and this was rejected by the Inspector. Then when finally the time came to deliver the office to the newly appointed consul the defendant openly retained the desk and

the typewriter, claiming that they belonged to him because he had bought them with his own money.

These being the facts, we believe that section 452 of the Penal Code is entirely applicable.

A balance is not involved here. There is no statement of all of the facts connected therewith. This criminal prosecution bears only on the fraudulent appropriation of the desk and the typewriter. The contradiction between the position of the defendant in preparing the old inventory and that of the final delivery was explained satisfactorily. The property referred to never belonged to the Republic of Colombia nor was confided to the custody of the defendant. The defendant attempted to transfer it, but the transfer was not accepted and so the liability of the defendant towards his nation continued unimpaired in regard to the balance in general, if indeed it existed, but there is no case against him on account of the desk and typewriter.

Such being the case, as this is a criminal prosecution requiring proof of fraudulent intent and no showing has been made of the existence of that intent, the defendant must be and is hereby discharged.

The judgment appealed from is reversed and the accused discharged.