Filed 10/29/25  Zions Bancorporation v. Orange Coast Title Co. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| ZIONS BANCORPORATION, N.A., | B340096 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 21VECV01752) |
| v. | |
| ORANGE COAST TITLE COMPANY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Valerie Salkin, Judge.  Affirmed.

Buchalter, Robert M. Dato, Jason E. Goldstein, Barry A. Smith, John L. Hosack for Plaintiff and Appellant.

Hall Griffin, Howard D. Hall, Jeremy T. Katz, Taylor R. Dalton, Kasandra C. Goldberg for Defendant and Respondent.

_____

Zions Bancorporation (Zions) lent more than $900,000 to a third party in exchange for a written promise to pay, the payment of which was secured by a deed of trust on real property.  In September 2019, Zions requested that Orange Coast Title Company (Orange Coast) record the deed of trust.  Believing the deed to be defective, Orange Coast refused to record it.  Some time later, the borrower conveyed the property to a fourth party, leaving the loan unsecured, and then defaulted on the loan.

In July 2023, Zions sued Orange Coast for breach of contract, alleging that a long history of dealings between the two created an implied agreement obligating Orange Coast to record the deed, which Orange Coast breached.  Zions asserted other causes of action on the premise that Orange Coast owed it duties sounding in tort, which it also breached.

Zions appeals from a judgment of dismissal entered after the trial court sustained Orange Coast's demurrer and granted its motion to strike, both without leave to amend.

We affirm.  Any cause of action for breach of an implied agreement to record the deed of trust is time-barred, and no allegations supported creation of any duty sounding in tort.

## BACKGROUND

We take the facts from Zions's second amended complaint, which is operative, accepting them as true for purposes of this appeal and indulging all reasonable inferences in Zions's favor. Zions alleged the following:

### A.    Pre-Loan Transactions

In June 2019, Zions entered into negotiations with Aleksandr Felton (Felton) for an equity line of credit secured by

real property located at 6 East Colt Lane in Bell Canyon, Ventura County (the Bell Canyon property).

On June 13, 2019, "TitleAdvantage," an Orange Coast division, indicated in an email to "ThoughtFocus," an escrow coordinator, that an escrow concerning the Felton loan existed, and Zions was the "customer/escrow."

On July 22, 2019, Real Advantage, an underwriter, issued a commitment to provide title insurance on the Bell Canyon property in favor of Zions. This insurance commitment listed four preexisting encumbrances on the property: A tax obligation for the prior fiscal year, two trust deeds for the benefit of Bank of the West, and a third trust deed for the benefit of U.S. Bank.

### B. Loan Transactions

On July 30, 2019, Zions and Felton completed three loan transactions.

#### 1. Loan Agreement

First, the parties entered into a written loan agreement (the loan agreement) by which Zions issued Felton a home equity line of credit in the sum of $942,850, to be secured by collateral described in a document titled, "Deed of Trust dated July 30, 2019, to a trustee in favor of [Zions] on real property located in LOS ANGELES County."

#### 2. Deed of Trust

Second, Felton executed and delivered to Zions a deed of trust granting his interest in the Bell Canyon property to Zions as trustee, for the benefit of Zions as beneficiary (the July 30 deed of trust).

### 3. Disbursements

Finally, Zions disbursed loan proceeds in the amount of $110,389.03 to Bank of the West and $157,951.66 to U.S. Bank to pay off loans secured by two preexisting deeds of trust encumbering the Bell Canyon property, leaving one preexisting deed of trust in favor of Bank of the West, which encumbered the property in first position.

Zions distributed the remaining loan proceeds directly to Felton and others and retained possession of the July 30 deed of trust.

## C. Recordation

### 1. Zions's Original Request

On September 6, 2019, Zions deposited the July 30 deed of trust with Orange Coast and requested that the title company record the deed "ASAP" in the second lien position. The request stated, "Please note that we have handled any required payoffs," and directed Orange Coast to invoice Zions for the recordation.

The July 30 deed of trust itself instructed: "When recorded mail to [Zions]."

### 2. Subsequent Correspondence

On September 11, 2019, Orange Coast informed Zions that it would not record the July 30 deed of trust because although Zions had requested that it be recorded into the second lien position, three preexisting liens on the property had "not been addressed."

On September 24, 2019, Zions replied that two of the three preexisting trust deeds no longer encumbered the property

4

because it dispersed $110,389.03 to Bank of the West and $157,951.66 to U.S. Bank, leaving only the third trust deed in priority over the July 30 trust deed.

On November 1, 2019, Orange Coast responded by again rejecting the Felton recordation request due to the three preexisting loans having "not been addressed."

On November 5, 2019, Zions replied by again representing that it had paid off two of the preexisting loans. This was the last communication between the parties regarding the Felton deed.

Orange Coast never recorded the July 30 deed of trust.

### D. Felton's Defaults

In January 2020, Felton violated the loan agreement by further encumbering the Bell Canyon property. In September 2020, he violated the loan agreement a second time by transferring the Bell Canyon property for no consideration to a company controlled by his wife, Olga Felton.

On May 10, 2021, Felton stopped making payments on the line of credit.

### E. Complaint

#### 1. Zions's Original Complaint

On December 22, 2021, Zions filed the instant lawsuit against Aleksandr and Olga Felton, the company Olga controlled, and 10 Doe defendants, asserting causes of action for breach of the loan agreement, money due, and receipt of stolen property. None of these defendants is party to this appeal.

### 2. First Amended Complaint

On July 13, 2023, Zions filed a first amended complaint adding Orange Coast as a new defendant. Zions asserted against Orange Coast causes of action for breach of the recordation contract and several torts.

Orange Coast demurred to the first amended complaint and moved to strike allegations regarding enhanced damages. Finding that Zions failed to allege either an escrow or an implied contract, the court sustained the demurrer with leave to amend and deemed the motion to strike to be moot.

### 3. Second Amended Complaint

In its second amended complaint, which is operative, Zions alleged "breach of contract by agents and fiduciaries for failure to strictly comply with escrow instructions," stating that a years-long course of conduct between Zions and Orange Coast, spanning hundreds of transactions, created an implied contract obligating Orange Coast to record the July 30 deed of trust.

Zions alleged that it delivered the July 30 deed of trust to Orange Coast and instructed it to (1) record the deed in second position and (2) "issue a loan policy of title insurance" as Real Advantage's agent. Zions alleged that Orange Coast accepted these "escrow instructions" yet wrongfully failed to record the deed, inform Zions it would not record it, or return the deed to Zions, in violation of fiduciary, common law and statutory duties.

Zions also asserted causes of action for negligence, fraud, breach of fiduciary duty and violation of Penal Code section 496 (receipt of stolen property) on the ground that as an escrow holder, Orange Coast owed Zions fiduciary duties. For example, Zions alleged that "as [Zions's] escrow agent[] and fiduciar[y] for

6

the prompt recordation of [the deed]," Orange Coast was "required by [its] fiduciary duties and statutory duties of disclosure, to disclose to and not conceal from [Zions] all facts which were known to [it] which might have affected [Zions's] decision to use [Orange Coast] to Encumber the Borrower's Property." Zions alleged it was entitled to rely on Orange Coast, as its fiduciary, to comply with its contractual and fiduciary obligations and to disclose that it would not record the deed.

In its cause of action for violation of Penal Code section 496, Zions alleged that Orange Coast helped Aleksandr and Olga Felton "steal the equity" in the Bell Canyon property by not recording the July 30 deed of trust and concealing that it would not do so.

In its cause of action for conversion, Zions alleged that Orange Coast converted the "Deed/Collateral." Zions did not allege that it asked Orange Coast for return of the physical deed itself.

Zions attached to the second amended complaint several documents evidencing its and Orange Coast's prior course of dealings, and alleged that per this course, its September 2019 instructions to Orange Coast "opened an escrow." For example, Zions alleged, the June 13, 2019 communication between TitleAdvantage and ThoughtFocus identified Zions as a "customer/escrow," which established that Orange Coast was an escrow holder.

Zions alleged that its communications with Orange Coast provided all the information Orange Coast needed to record the July 30 trust deed. Zions alleged that even though Orange Coast raised concerns on September 11, 2019, about three preexisting deeds of trust encumbering the property, Zions's supplemental

7

report confirmed there was only one deed of trust affecting the property, and Orange Coast could record the deed in second position. Zions alleged that even though Orange Coast reiterated on November 1, 2019, that the three preexisting liens needed to be addressed, Zions corrected this misimpression on November 5 and 6 by reconfirming that two of the preexisting liens had been resolved. Zions alleged that according to custom and practice, when an institutional lender informs a title company that prior loans have been repaid, the title company will disregard the concomitant deeds of trust.

Zions alleged that its September 6, 2019, request constituted "express escrow instructions," the parties' course of dealings created additional, implied instructions, and the combined express and implied instructions created an escrow and obligated Orange Coast to record the July 30 deed of trust and fulfill other fiduciary obligations.

Zions alleged that Orange Coast's failure to fulfill its contractual, tort, common law and statutory duties deprived Zions of its security position in the Bell Canyon property. It sought damages in the sum of $942,850 plus interest, treble damages, punitive damages, and attorney fees.

### 4. Demurrer and Motion to Strike

Orange Coast demurred to the second amended complaint and moved to strike portions relating to enhanced damages.

The trial court found that none of the parties' prior dealings created an implied escrow. It found that Zions's request for document recording constituted only an offer, which Orange Coast never accepted but on the contrary explicitly rejected. Without an acceptance, merely delivering the July 30 trust deed

to the Orange Coast and requesting recordation created neither an implied contract nor an escrow.

There being no allegation of either an escrow or implied contract, the court found that Zions's remaining causes of action failed to allege any source of duty owed by Orange Coast.  The court therefore sustained Orange Coast's demurrer without leave to amend, granted its motion to strike without leave to amend, and entered a judgment dismissing Orange Coast from the action.

Zions appeals from the judgment of dismissal.

## DISCUSSION

### A.    Standard of Review

On review of a trial court's order sustaining a demurrer, we examine the complaint de novo.  (*McCall v. PacifiCare of California, Inc.* (2001) 25 Cal.4th 412, 415.)  "We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.]  Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law.  [Citations.]  When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.  [Citation.]  And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse."  (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.)

**B.      Breach of Contract**

Zions contends it adequately alleged establishment of an escrow but even if it did not, it alleged that Orange Coast breached an implied contract to record the July 30 deed of trust and procure a title insurance policy.

**1.      Zions Failed to Allege Existence of an Escrow**

The term "escrow" refers loosely to all procedures for completing a transfer or refinance of real property.  (2 Miller & Starr, Cal. Real Estate (4th ed.) § 6:1.)  " 'Escrow' means any transaction in which one person, *for the purpose of effecting the . . . transfer [or] encumbering . . . of real . . . property* to another person, delivers any written instrument [or] evidence of title to real . . . property . . . to a third person to be held by that third person until the happening of a specified event or the performance of a prescribed condition, when it is then to be delivered by that third person to a grantee . . . ."  (Fin. Code, § 17003, subd. (a), italics added.)

Here, Zions did not allege that when it delivered the July 30 deed of trust to Orange Coast in September 2019, it did so to complete the transfer or encumbrance of the Bell Canyon real property, as those transactions were completed in July 2019 when Zions and Felton executed the loan agreement and deed of trust.  Execution of the deed and loan agreement were valid without recordation.  (See Civ. Code, § 1217 ["An unrecorded instrument is valid as between the parties thereto and those who have notice thereof"].)  The transaction with Orange Coast was therefore not an escrow.

At best, the transaction and the parties' course of dealings created an implied agreement to record the July 30 deed of trust.

10

**2. Any Action for Breach of an Implied Contract is Time-Barred**

Assuming Zions adequately alleged an implied agreement to record the July 30 deed of trust, the complaint shows that any cause of action for breach of that agreement is time-barred.

The limitations period for an implied contract is two years. (Code Civ. Proc., § 339, subd. (1) [two-year limitations period for "contract . . . not founded upon an instrument of writing"]; *Kurokawa v. Blum* (1988) 199 Cal.App.3d 976, 989.) A cause of action for breach of contract accrues, at the latest, when the plaintiff discovers or should have discovered the breach. (*April Enterprises, Inc. v. KTTV* (1983) 147 Cal.App.3d 805, 832.)

Here, Zions alleged that it delivered the July 30 deed of trust to Orange Coast for recordation in September 2019, and last communicated with Orange Coast about the matter on November 6, 2019. Zions directed that Orange Coast invoice it for the recordation, and the deed itself stated that upon recordation, the recorder's office was to mail the deed to Zions. These facts show that Zions should have known by November 2019 that Orange Coast had failed to record the July 30 deed of trust, as it received no invoice from Orange Coast nor a recorded deed from the recorder's office.

Zions also alleged that on May 10, 2021, Felton defaulted on the loan agreement by failing to make a regularly scheduled payment on the line of credit. Thus, Zions should have known about the failed recordation by May 2021 at the latest, as Felton's default gave Zions reason to seek recourse from its security.

Zions did not sue Orange Coast until it filed its first amended complaint on July 13, 2023, more than two years after the latest possible discovery date of May 2021. The complaint

11

thus shows on its face that Zions's cause of action for breach of an implied agreement is time-barred. The court therefore properly sustained Orange Coast's demurrer to the cause of action.

In supplemental briefing, Zions argues its cause of action is timely because it filed the original complaint in December 2021, less than two years after its latest discovery date of May 2021. But in the original complaint Zions neither named Orange Coast as a defendant nor asserted against any fictitious Doe defendant a cause of action for breach of an implied recordation agreement. An amended complaint that adds a new defendant does not relate back to the date of filing the original complaint as to the added defendant; the limitations period is applied as of the date of the amended complaint, not the date the original complaint is filed. (*Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 176.)

## C.  Negligence, Fraud, and Breach of Fiduciary Duty

Zions's causes of action for negligence, fraud, and breach of fiduciary duty were premised on Orange Coast's alleged fiduciary duties as an escrow holder.

An escrow holder owes fiduciary duties to parties to the escrow. (*Amen v. Merced County Title Co.* (1962) 58 Cal.2d 528, 532.) But because Zions failed to state a cause of action that an escrow existed, it necessarily failed to state a cause of action that Orange Coast owed it duties as an escrow. Zions articulates no other theory under which Orange Coast would owe it any fiduciary duty. The trial court therefore properly sustained Orange Coast's demurrer to Zions's causes of action for negligence, fraud, and breach of fiduciary duty.

12

**D.    Violation of Penal Code Section 496**

An individual may be held civilly liable for aiding in the receipt of stolen property as proscribed by Penal Code section 496.  (*Bell v. Feibush* (2013) 212 Cal.App.4th 1041, 1049.)

Zions alleged Orange Coast helped Felton steal loan proceeds by concealing that it would not record the deed of trust, which Zions contends adequately states a cause of action for aiding in the receipt of stolen property.  We disagree.

Assuming arguendo that Zions adequately alleged Felton "stole" loan proceeds by conveying unencumbered property to a third party in 2020 and defaulting on the loan agreement in 2021, it failed to allege that in 2019 Orange Coast knew he would do so and intentionally failed to record the deed to assist him. The trial court therefore properly sustained Orange Coast's demurrer to Zions's cause of action for violation of Penal Code section 496.

**E.    Conversion**

Zions contends that because Orange Coast failed to return the July 30 deed of trust, it may be held liable for conversion of the deed.  We disagree.

To establish conversion, a plaintiff must allege and prove the plaintiff's ownership or right to possession of property, the defendant's wrongful act or disposition of the plaintiff's property rights, and damages.  (*Oakdale Village Group v. Fong* (1996) 43 Cal.App.4th 539, 544.)  Mere neglect to return property, in the absence of a demand to do so, is not conversion.  (*People v. Wyman* (1894) 102 Cal. 552, 557.)

Here, Zions alleged it voluntarily gave Orange Coast the July 30 deed of trust.  Zions did not allege that it demanded return of the deed.  The trial court therefore properly sustained Orange Coast's demurrer to Zions's cause of action for conversion.

In its reply brief, Zions argues it is suing for conversion of its security interest, not the deed of trust itself. On the contrary, Zions alleged that Orange Coast converted the "Deed/Collateral," and in its opening brief argued Orange Coast failed to return and exerted dominion over "the deed of trust." Zions may not change its theory in its reply brief.

## F.    Motion to Strike

Zions contends the trial court erred by granting Orange Coast's motion to strike allegations relating to enhanced damages. We disagree. A court has broad authority to strike any portion of a pleading drawn not in conformity with the law and its orders. (Code Civ. Proc., § 436.) The trial court shall strike an allegation of punitive damages on motion unless the plaintiff has pleaded ultimate supporting facts. (*Clauson v. Superior Court* (1998) 67 Cal.App.4th 1253, 1255.) There being no viable cause of action upon which to predicate an award of punitive damages, treble damages or attorney fees, the trial court property granted Orange Coast's motion to strike.

## G.    Leave to Amend

Zions adduces no facts suggesting it could successfully amend any cause of action, and the record reveals none. For example, nothing in the record suggests Zions can allege creation of an escrow agreement with Orange Coast, nor that it filed suit against Orange Coast within two years of having been put on notice that the title company failed to record the July 30 deed of trust. At oral argument, we specifically asked Zions's counsel whether he could amend the conversion claim by alleging Zions requested that Orange Coast return the trust deed. Counsel was unable to represent that he could do so. We therefore conclude that the trial court properly denied leave to amend.

14

## DISPOSITION

The judgment is affirmed.[1]

Respondent is to recover its costs on appeal.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

---

[1] Respondent's motion for sanctions is denied.